Inasmuch as both case involve the element of the necessity of compliance with Section 5000 of the General Code, we will first dispose of that proposition. This feature of the case, and the question of compliance with Sections 5001, 5002, and 5003, as well, turns upon the proper interpretation of other sections of the Code. It is conceded that Section 4728-1, General Code, is the one which makes provision for nomination of candidates for the county board of education. That section reads:
"Candidates for members of the county board of education shall be nominated by petition. Such nomination papers shall be signed by petitioners, who shall be qualified electors residing in the county school district, not less in number than one per cent. of the electors voting at the last preceding election for members of local boards of education in the districts within the county school district; provided, however, that in no case shall the number of petitioners be fewer than twenty-five. The election for members of the county board of education shall be conducted in the same manner as are elections for other boards of education except as herein otherwise provided, and the returns thereof made to the board of deputy state supervisors of elections of the county, who shall canvass the same and issue a certificate of election to each member so elected."
It is contended by relators that above section is complete and that no other section need be looked to to find authority for making nominations for such offices. In support of this view, we are cited to Section 4951-1, a supplementary section *Page 401 
to Section 4951, enacted at a recent session of the Legislature, 110 Ohio Laws, 144, which reads as follows:
"The provisions of this chapter shall not extend nor be applicable to the nomination of candidates for boards of education."
It is claimed by relators that this section makes it unnecessary to look to Sections 5000, 5001, 5002 and 5003, General Code.
It will be observed that the foregoing supplementary section only places a limitation upon "this chapter," and the chapter referred to must necessarily be the chapter in which Section 4951 is found. Section 4951 is found in chapter 6 of title XIV of the General Code, relating to "public elections," and chapter 6 contains Code Sections, 4948 to 4991-1, both inclusive. It is contended by relators, that, notwithstanding this plain limitation to chapter 6 of title XIV, it was intended by the Legislature to exclude all statutes of the state except Section 4728-1, General Code. It is further found that Section 4728-1, General Code, is not contained in title XIV, relating to public elections, but is found in title XIII relating to "public school districts." And chapter 6 of title XIV relates to "primary elections." It therefore seems more reasonable to adopt the view that the Legislature intended that no candidates for board of education should be nominated at a primary election. It requires no strained interpretation or unusual meaning to be given to words to reach this conclusion, because this is in accord with the plain language of the amendment. Having removed boards of education from primary *Page 402 
elections, it necessarily remained that nominations must be made by the only other course available, to-wit, by petition, and this subject comes clearly within the provisions of chapter 7 of title XIV.
The authority for filing nomination petitions for members of the county board of education is found in Section 4728-1, General Code, but that section makes no provision for the machinery of preparing and filing such petitions; neither does that section make any limitation upon other sections, and it must therefore be concluded that that section is in parimateria with other sections pertaining to the same subject-matter, found in chapter 7 of title XIV. There is nothing inconsistent between them, but on the contrary the sections found in chapter 7 are supplementary and regulate the mode and manner of filing the petitions and of providing the necessary formalities to safeguard against fraud. Manifestly it is just as important that some provision be made for filling vacancies for the board of education on the ballot after the time for making nominations has closed as it is that such action be taken in regard to any other office, where nominations may be made either at the primary or by petition. The language of Sections 5000, 5001, 5002 and 5003 is in general terms, and must be held to have application to all nominating petitions. If these regulations apply, they may not be disregarded.
Having found that they apply, and having further found, by the admissions of counsel, that they have been disregarded, we are of the opinion that the board of elections did not err in excluding the petitions and in refusing to print the names of relators upon the ballots. *Page 403 
It is not quite clear from the petition and the admissions of counsel to what extent the nominating petitions were deficient, as measured by Sections 5,001, 5002, and 5003, but having found that they were clearly defective in having failed to comply with Section 5000, General Code, it is unnecessary to discuss the facts relating to the later sections.
The demurrers to the petitions will therefore be sustained in both cases, and leave given to amend if desired.
Demurrers sustained.
JONES, MATTHIAS, DAY, ALLEN, KINKADE and ROBINSON, JJ., concur.
 ADDITIONAL OPINION. (October 20, 1925.)