Marshall, C. J.
 

 The sole question for determination in each of these cases is whether there is any statutory authority for filing an amendment' or correction of a nominating petition, when the original petition was insufficient, and when the amendment or correction is not filed within the time limited for the filing of nominating petitions.
 

 Section 4728-1, General Code, provides that candidates for members of the county board’ of education shall be nominated by petition, and that such nomination papers shall be signed by qualified electors residing in the county school district, not less in number than 1 per cent, of the electors voting at the last preceding election for members of local boards of education in the districts within the county school district.
 

 The petitions first filed in each instance containing an insufficient number of names, it is claimed by relators that, under authority of Section 5010, General Code, such petitions may be corrected and amended, provided such amendments are certified to the board of deputy state supervisors 25 days previous to the day of election. The amendments to the petition were in each instance filed 25 days prior to November 8th, the day of the next ensuing election. It is claimed, on the other hand, that Section 5010 is not authority for amending a nominating petition. That section reads:
 

 “If a person nominated as herein provided die, withdraw, or decline the nomination, or if a certifi
 
 *320
 
 cate of nomination is insufficient or imperfect, the vacancy thus occasioned, may be filled or the defect corrected in the manner required for original nominations. Such nomination to fill a vacancy, or corrected certificate must be certified to the secretary of state at least thirty days or to the board of deputy state supervisors at least twenty-five days previous to the day of election. If, when the original nomination was certified, there was certified a committee authorized to represent the party, as herein provided, it may fill such vacancy.”
 

 It will be seen that that section refers only to certificates of nomination and contains no reference to nominating petitions. That section was first enacted, along with many other sections, in 1891 (88 Ohio Laws 457). At the time of such enactment nominations for nearly all offices were made by conventions, caucuses, meetings, and primary elections. Section 4993 makes provision for certificates of nomination in the following language:
 

 “Each certificate of nomination shall state such facts as are in this chapter required for its acceptance and be signed by the proper officers of such convention, caucus, meeting, primary election or committee, who shall add to their signatures their places of residence and post office addresses and make oath before an officer qualified to administer it that the facts stated in the certificate are true to the best of their knowledge and belief. A certificate of the oath shall be annexed to the certificate of nomination.”
 

 Section 5015 makes provision for the transmission of certificates of nomination to the boards of deputy state supervisors of elections. Sections
 
 *321
 
 4993 and 5015 therefore provide the machinery for conveying to the deputy state supervisors of elections the information concerning the nomination of candidates by convention, caucus, primary election, or any manner other than by nominating petition. Such official notification is manifestly necessary. Nominations by petition are required to be filed directly with boards of elections', and there is therefore no necessity for a certificate of such nomination. For many years it has been the practice to issue certificate of nomination, where nominations were made by convention, caucus, or primary, and that practice was continued until compulsory primaries were provided by legislative enactment. Nominating petitions for boards of education are filed with the deputy state supervisors of elections, and the practice has been in some instances to give a receipt for the filing of same, and in some jurisdictions no receipt is given.
 

 A careful reading of the sections above cited and quoted and other related sections and a careful study of the history of the legislation on this subject make it clear, beyond doubt, that Section 5010 was intended to apply to certificates of nomination, and that the same can have no application to nominating petitions for candidates as members of boards of education.
 

 The legal questions involved in this controversy would not be difficult of solution, except for the fact that this court has heretofore rendered decisions which apparently approve the claim of right to amend a nominating petition at any time prior to 25 days previous to the general election.
 

 In the case of
 
 State ex rel. Minor
 
 v.
 
 Curtis,
 
 101
 
 *322
 
 Ohio St., 383, 130 N. E.. 18, and 101 Ohio St.. 533, 130 N. E., 941, although it is not entirely clear from the report of the case, it does appear from an examination of the records on file in the office of the clerk of this court that a nominating petition was amended after the 60-day period had begun to run. It does not, however, appear that the question of the right to do so was presented or argued in that case.
 

 In the case of
 
 State ex rel. Bloker
 
 v.
 
 Gabel,
 
 113 Ohio St., 398, 149 N. E., 403, it is quite clear that there was an amendment to an original nominating petition, and that the amendment was filed after the 60-day period began to run. Although no briefs were ever filed in that case, it was conceded by counsel in oral argument that an amendment might be made to an original nominating petition, provided the same be done more than 25 days before election day. The only question argued and decided in that case was whether an amended petition, which was not labeled as such, but which appeared on its face to be an original petition, would nevertheless be regarded as an amendment to the original petition. It appearing in that case that both petitions related to the nomination of the same person, and that all of the persons who had signed the original petition had also signed the amended petition, with certain additional signers, it clearly appeared that it was, in fact, an amendment.
 

 While it is quite certain that both of the foregoing cases would have been otherwise decided if the questions had been argued and presented, they do not afford authority for continuing error after the same has clearly been brought to the attention
 
 *323
 
 of the court. In so far as those cases apparently approve the filing of an amended petition after the 60-day limitation begins to run and more than 25. days before the election, they must be overruled.
 

 In the instant cases, the writs must he denied.
 

 Writs denied.
 

 Day, Allen, Kinkade, Robinson, Jones and Matthias, JJ., concur.