NEWBURGH HEIGHTS (Vil.) v. VANEK.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8903. Decided Oct. 29, 1928.

(Hughes and Justice, JJ., of the 3rd Dist., and Mauck, J., of the 4th Dist., sitting.)

First Publication of This Opinion.

Syllabus by Editorial Staff.

AUTOMOBILES.

(50 Eb) Driving automobile at night with headlights, which throw their rays about three feet in front of machine, in violation of 6310-1 GC., is negligence per se.

J. E. Mathews, Cleveland, for Newburgh Heights (Vil.).

Artl & Smolke, Cleveland, for Vanek.

HISTORY:—Action in Common Pleas by Vanek against Village for damages. Judgment for Vanek. Village brings error. Reversed and final judgment for Village. No action in Supreme Court prior to publication date.

STATEMENT OF FACTS.

Frank Vanek brought the action against the village of Newburgh Heights to recover damages for alleged personal injuries and property loss, caused, as he claimed, by the negligence of the village. An answer was filed by the village, denying any negligence on its part. Upon trial, a verdict was returned for Vanek. A motion for a new trial was overruled and a judgment entered upon the verdict. The reversal of that judgment is the object of this proceeding.

A number of errors are assigned. Only one, however, is relied upon for a reversal; error of the trial court in overuling the motion of the village for a directed verdict in its favor at the close of all the evidence.

The evidence discloses that on the morning of November 3, 1925, there existed on Harvard Avenue, one of the streets of said village, a hole described as being 3 feet long, 10 inches wide, and 8 inches deep; that said hole had existed in said street for several weeks prior to that date; that the village by and through its duly constituted officials, had either actual or constructive knowledge thereof; that on said day, about the hour of 6:00 A. M., Vanek, while operating his automobile upon said street, ran it into said hole and by reason thereof sustained injuries to his person and damages to his automobile; that according to Vanek, the street was covered with snow and that by reason thereof he could not see the hole in the street until about three feet from it.

Vanek was interrogated about the lights on his automobile and we quote the questions asked and the answers given by him, concerning them:

"Q. What lights did you have burning, bright or dim?

A. Dim lights.

Q. How far in front of your machine did your dim lights throw their light?

A. About three feet.

Q. You say that the rays of the lights you were using at the time of the accident illuminated the roadway only three feet in front of your machine?

A. Yes, sir."

Vanek further testified that it was dark at the time of the accident; that he could not see the roadway beyond the rays of the lights of his automobile; that the falling snow did not interfere with his view of the street and that he was driving his car about 18 to 20 miles per hour.

It further appears that the sun did not rise until 7:22 A. M.

There are other facts to which our attention has been invited but they are not controlling and therefore will not be mentioned.

JUSTICE, J.

Counsel for plaintiff in error contends that the testimony of Vanek establishes negligence on his part directly and proximately contributing to the production of the injuries complained of. With this contention we are in accord.

Section 6310-1 General Code, so far as pertinent here, provides:

(Here follows quotation from this, section.)

This statute is mandatory and a violation thereof is negligence per se.

In the instant case, plaintiff testified that the lights of his automobile at the time of the accident, threw their rays about three feet in front of his machine. Obviously he was not only driving his automobile at a place where he could not see but that too without the lights required by law.

Buddenberg v. Kavanaugh, 17 O. App. 252.

Pennsylvania Railroad Co. v. Rusynk, 117 OS. 322.

That the driving of the automobile by Vanek at a time when he could not see, directly and proximately contributed to the production of the injuries complained of is patent.

It is also most apparent from a reading of the record that the negligence, if any, of the village, was not wanton or wilful and hence not of such a character as to relieve against contributory negligence.

Youngstown & Suburban Railway Co. v. Faulk, 118 OS. 346.

Applying the rule of law enounced in the above mentioned case, to the facts in this case as testified to by plaintiff, it becomes at once apparent that plaintiff is not entitled under the law to any relief in the premises.

Holding these views it follows that the judgment of the court of Common Pleas should be reversed; and, that this court should now enter the judgment which that court should have rendered.

(Hughes and Mauck, JJ., concur.)