THE STATE, EX REL. SAMUELSON ET AL., *v.* CONRAD ET AL.[*]

[Cite as State, ex rel. Samuelson, v. Conrad (1968), 25 Ohio Misc. 13.]

(No. 85730—Decided November 19, 1968.)

Common Pleas Court of Butler County.

*Mr. Robert L. Williams* and *Mr. Robert E. Fryman,* for relators.

*Mr. Henry A. Masana* and *Mr. James W. Farrell, Jr.,* for respondents.

CRAMER, J. In this action which is one in mandamus, relators seek to compel the respondents as members of the

---

[*]Affirmed by Court of Appeals, November 17, 1969; appeal dismissed by Supreme Court of Ohio, March 4, 1970.

Council of the village of Oxford, Ohio, to pass an ordinance providing for the submission to the electors of the village, for their approval or disapproval at an election to be held therein, of the question of amending Article II of the Charter of the village of Oxford, Ohio, by adding to Article II a Section 2.12. It is also sought to require respondents to set a date for said election and to comply with the procedure provided by law in respect thereto.

This cause was submitted to the court upon an agreed statement of facts, the admissions gleaned from the pleadings, and briefs of counsel. It appears from the evidence that a petition was filed by the required number of electors of the village of Oxford, Ohio, which was valid in form and contained sufficient electors' signatures and was properly filed with the respondents who failed to submit, by ordinance, the charter amendment to the electors to be voted thereon.

The issues presented for our determination are:

(1) Do the relators have the right to bring and maintain this action against the respondents?

(2) Do respondents have a mandatory duty to enact an ordinance submitting to the electors of Oxford the question as to whether the proposed amendment to the village charter is to be adopted?

It is sought by the proposed amendment to amend Article II of the Charter of the village of Oxford, Ohio, by adding to such Article a Section 2.12 to read as follows:

"Article II * * *

"Section 2.12 rights regarding real property restrictions.

"Rights regarding real property restrictions are as follows:

"(1) Building permits shall not be required for minor repairs or maintenance nor for any construction that does not affect the structural parts of a building or structure.

"(2) All restrictions on the use of land, lots, or buildings shall be uniform within any zoning district, and shall apply equally to all land, lots or buildings in any zoning district, subject to exceptions and variations permitted by

the Board of Zoning Appeals as provided in this Charter.

"(3) In order to abolish the injustice of the creation of mass non-conforming uses; Council shall have no power to restrict the use of land in the original mile square area of the Village of Oxford so as to require yard areas of a depth greater than 16-½ feet on lots abutting streets in said original mile square area.

"(4) Any ordinance or regulation creating or requiring front yards or set back lines on any land within the original mile square area of Oxford which is located in any zoning district in which general commercial or general business uses are permitted, shall be null and void; and, any owner of property within the original mile square area of Oxford which is located in any zoning district in which general commercial or general business uses are permitted, shall have the right to construct buildings out to property lines that border any street in such district."

The position of the respondents is that they have no obligation and are not required to submit the proposed charter amendment to the electors of Oxford for the following reasons:

(1) Such amendment, if adopted, would be invalid because:

(a) The voters of a municipality cannot by the adoption of a charter or an amendment thereto annul or limit the power conferred on the municipality in Section 3 of Article XVIII to adopt and enforce police regulations.

(b) Paragraphs 3 and 4 of the proposed amendment are invalid because they violate the equal protection of the law provisions of the Ohio Constitution and the 14th Amendment to the Federal Constitution in that the proposed limitation on the muncipality's power to establish set-back lines in connection with the comprehensive zoning is applicable only to a designated geographical portion of the village, and

(2) The proposed amendment is actually two amendments that must be separately submitted, one pertaining to set back lines and the other pertaining to building permits.

Though relators have briefed the issue as to their right to bring this action, respondents have not supported by brief their claim that relators have no standing to bring this action.

This issue arises by reason of the claim that relators failed to first make a written request upon the solicitor of the village of Oxford, Ohio, to bring suit in compliance with R. C. 733.59.

In view of the fact that the respondents' refusal to enact the ordinance submitting the proposed amendment to the electors was based upon the written opinion of the solicitor that the council of the village was not required to do so, a request upon the solicitor to bring the action would have been unavailing. Under such circumstances the failure of relators to first make such written request upon the solicitor was excused. See *State, ex rel. Nimon,* v. *Springdale,* 6 Ohio St. 2d 1.

The relators contend that the respondents have a clear mandatory duty to submit this charter amendment to the electors of Oxford by ordinance since there are no defects in the form of the petition, or in the signatures, or in the affidavits, or in the procedure followed by relators. Their position being that the only justification respondents could have in refusing to pass the ordinance would be:

(1) That the signatures were not valid. *State, ex rel. Waltz,* v. *Mitchell,* 124 Ohio St. 161.

(2) That the petition did not contain the proper number of valid signatures. *State, ex rel. Poor,* v. *Addison,* 132 Ohio St. 477.

(3) That the petition was not filed with the legislative authority. *State, ex rel. Hinchliffe,* v. *Gibbons,* 116 Ohio St. 390.

(4) That the petitioners did not comply with the proper procedure. *Switzer* v. *State, ex rel. Silvy,* 103 Ohio St. 306.

(5) That the petition did not name the proper number of committeemen. *State, ex rel. Daniels,* v. *Portsmouth,* 136 Ohio St. 15.

In connection with the claim of respondents that the

proposed amendment is constitutionally invalid, relators assert that such a claim cannot justify respondents' failure to submit the amendment to the electors.

Thus, at the very threshold we must determine whether, assuming the proposed amendment to be constitutionally invalid, the same constitutes grounds justifying the respondents' refusal to enact the ordinance submitting the proposed amendment to the electors of Oxford.

In support of the claim of relators that even if the proposed amendment is constitutionally invalid—which, of course, they vehemently deny—that fact cannot furnish a basis for refusing to submit the charter amendment to the electorate. They cite the following cases: *State, ex rel. Malcolin,* v. *Smith,* 105 Ohio St. 570; *State, ex rel. Ammerman,* v. *Sprague,* 158 N. E. 548; *State, ex rel. Kittel,* v. *Bigelow,* 138 Ohio St. 497; *State, ex rel. McCormack,* v. *Fouts,* 123 Ohio St. 345; *Pfeifer* v. *Graves,* 88 Ohio St. 473.

An enlightening annotation is found in 19 A. L. R. 2d on the subject of relief against submission of constitutional amendment, statute, municipal charter, etc., on the ground that the proposed action would be unconstitutional. It would appear that a principle evolved from the cited annotation is to the effect that the courts will not interfere with the submission to the electors of a proposed amendment to a city charter upon the claim that the amendment, if adopted, will contravene the state constitution, such a claim being prematurely asserted. Supporting this principle, the case of *Pfeifer* and *State, ex rel. Kittel, supra.* are cited.

In the *Kittel case, supra,* Supreme Court Judge Bettman, in the course of the opinion stated:

"This court has repeatedly held that it will not interfere with the legislative process, either by mandamus or by injunction, to prevent the enactment of laws, simply because it is claimed that such legislation when passed will be unconstitutional * * *. This refusal to determine the constitutionality of measures that have not yet been passed is general in its application, extending as well to proposed amendments to the fundamental law of the body politic,

as to the ordinary statutes and ordinances * * *. We hold therefore that the question whether the charter amendment here involved will be constitutional, when and if approved by the electors, is prematurely raised and not judicially cognizable.''

It is true that few courts would refrain from enjoining submission of proposed action that was, on its face, unquestionably and palpably unconstitutional. In this connection the dissenting opinion of Marshall, C. J., in the *Marcolin case,* 105 Ohio St. 570, is noted.

However, we certainly cannot and do not say that the proposed charter amendment here before us is ''on its face unquestionably and palpably unconstitutional.''

We are inclined to agree with counsel for respondents when they assert, as they do in their brief, that a compelling reason to have a determination of the efficacy of a proposed charter amendment before it is submitted to the voters is the fact that a decision prior to submission, if the provision is invalid, will, in addition to saving the expense of an election, also avoid a multiplicity of suits which would necessarily result if the amendment was submitted and adopted. However, we must conclude, as did the trial judge in the case of *Drockton* v. *Board of Elections* (Cuyahoga County Common Pleas Court), 16 Ohio Misc. 211, that this court is compelled to follow the ruling in *Cincinnati* v. *Hillenbrand,* 103 Ohio St. 286, and thus will not determine the validity of a proposed charter amendment before it is adopted. We agree with Judge Patton in the *Drockton case, supra,* in his statement:

''Perhaps a reviewing court in its wisdom will find that a trial court in the first instance should consider the validity of a proposed ordinance as it was submitted to the electors for their signatures on the petition, rather than confine the trial court to considering solely whether the proponents of a proposed ordinance complied with the statutory procedure.''

In the case of a charter amendment initiated by petition as here there can be no alteration or amendment, as is true of an ordinance pending before a municipality's

legislative body. Such a proposed amendment is either voted into law or not at the election. If it is, in fact, unconstitutional, the voters have been put to unnecessary expense by allowing it to go on the ballot. However, as hereinbefore stated, judicial subordination requires us to follow the pronouncements of our Supreme Court.

The conclusion we arrive at here, of course, makes unnecessary our determination as to whether the proposed charter amendment violates the equal protection clause of the Ohio and United States Constitutions or contravenes the Ohio Constitution in any respect.

We find also that in view of the case of *Reutner* v. *Cleveland,* 107 Ohio St. 27, to which we have been cited by counsel for relators, that if, as claimed by respondents, this proposed amendment is actually two amendments, they need not be separately amended, need not be submitted by separate sections to the electors.

We find, therefore, that the relators are entitled to and will be granted the relief prayed for.

*Writ allowed.*