By the Court.
 

 This is an action in mandamus brought in this court to compel the submission of a proposed amendment to the city charter of Cleveland to the electors of that city. A petition for such amendment was filed with the city clerk. The city council, by resolution, declared the petition insufficient. It is conceded that 13,010 valid signers are required to authorize the submission of the proposed amendment to the electors.
 

 The question of the first importance to be'considered is whether the signatures upon this petition, circulated and filed between January 1, 1930, and October 2, 1930, must be of registered electors, and whether only.the signatures of registered electors are valid. This question was raised by the answer of the defendants, wherein they alleged that a qualified elector means one who at the time of signing the petition was a registered elector.
 

 
 *162
 
 The charter of the city of Cleveland provides for the submission of amendments thereof to the electors of the city when a petition signed by ten per cent, of the electors of the city shall have been filed in the manner and form prescribed therein for the submission of an ordinance by initiative petition, and it further provides that initiative petitions shall be signed by “qualified electors of the city.” There is no requirement in the charter that in order to qualify as a signer of such petition an elector must be registered, but it provides that a copy of such proposed amendment shall be mailed “to each elector whose name appears upon the registration books of the last regular municipal or general election.”
 

 It is contended that by reason of the fact that the proposed charter amendment petition was circulated and filed after January 1, 1930, any signers thereof who were not registered were not then qualified electors. This contention is based upon the provisions of Section 4785-34, General Code, which became effective on the first day of January, 1930. That provision reads: “No person residing in any registration precinct shall be entitled to vote at any election or to sign any nominating, initiative, referendum or recall petition unless he is duly registered as an elector * # *.” Section 4785-36, General Code, provides for the general registration which is to be held on Thursday in the fifth and Friday and Saturday in the fourth week preceding the general election in November, 1930. Hence it was impossible to be a registered elector as required by Section 4785-34, General Code, prior to Thursday in the fifth week preceding the general election on November 4, 1930, which was October 2, 1930. Consequently there was
 
 *163
 
 no provision for the signing of petitions between January 1,1930, and October 2,1930.
 

 Section 1, Article Y of the Constitution of Ohio, defines an elector and enumerates the essential, qualifications of an elector. If Section 4785-34, General Code, were held to apply to the qualification of electors with reference to their right to sign petitions prior to the time when an opportunity is afforded thereunder to register, it would result in depriving the citizen of a right accorded him by the Constitution. Therefore, maintenance of the constitutional validity of the statute requires the holding that it has no application to the signers of such petitions within the period from January 1,1930, to October 2, 1930.
 

 It is contended, however, by the city council that even though in its consideration of these petitions it regarded the signatures of nonregistered voters as qualified, which it did, still the number of qualified petitioners are insufficient to require or warrant the submission of the proposed amendment. In the case of
 
 State, ex rel. Hinchliffe,
 
 v.
 
 Gibbons,
 
 116 Ohio St., 390, 156 N. E., 455, this court, having under consideration the question whether the sufficiency of petitions proposing certain amendments to a city charter should be determined by the legislative authority or the board of elections, said that
 
 “A
 
 submission by the legislative authority clearly implies, if it does not definitely express, that some power and some duty is intrusted to that legislative authority. A special election in a populous city like Cleveland involves an enormous expense. This expense should be avoided on economic grounds, unless there is a clear warrant for the submission. On political
 
 *164
 
 grounds the submission should not be made unless the petitions are sufficient in form and substance and all statutory requirements calling for the submission have been fairly met. * * * Inasmuch as the Constitution requires the submission to be made by legislative authority, it follows that that authority need not make the submission unless satisfied of the sufficiency of the petitions and that all statutory requirements are fairly met. ’ ’
 

 It is quite clear that the duty and responsibility of determining the sufficiency of such petitions are conferred upon the city council, and that upon the finding of insufficiency of such petitions, the court will not issue a writ of mandamus requiring a submission of the proposed amendment to the electors, unless it clearly and affirmatively appears that the finding of council in that respect had resulted from fraud, corruption or a gross abuse of discretion.
 
 State, ex rel. Gongwer,
 
 v.
 
 Graves, Secy. of State,
 
 90 Ohio St., 311, 107 N. E., 1018.
 

 The city charter expressly requires an affidavit to each petition by the person circulating the same that “the signatures appended thereto were made in his presence and are the genuine signatures of the persons whose names they purport to be.” The council rejected entire separate petition papers because of the repudiation of their signatures by some of the signers thereof, which repudiation apparently was not controverted or refuted. Other petition papers were rejected, upon each of which there were five or more nonexistent addresses. These were not erroneous addresses or fictitious addresses, but locations of purported residences which locations in fact did not exist, Other petition papers which were re
 
 *165
 
 jected had signatures in the same handwriting and therefore the affidavit of the circulator that the signatures were made in Ms presence and were the genuine signatures of the persons whose names they purported to be could not have been true. We are of the opinion that the city council was correct in its holding that the requirement that the name of a signer to such petition be written by himself is mandatory, and that signing petitions by proxy is not permissible. In each of these instances the affidavits must have been intentionally and knowingly false, and under the
 
 Graves case, supra,
 
 their rejection was warranted. One of the petition circulators pleaded guilty to a charge of perjury in the making of affidavits to petitions circulated by him, and the rejection of those petitions was conceded to be justified.
 

 Being of the opinion that the record as presented does not disclose fraud, corruption or an abuse of discretion upon the part of the city council in its consideration and conclusion with reference to the sufficiency of the petitions in question in this case, the writ of mandamus prayed for is denied.
 

 Writ denied.
 

 Matthias, Day, Allen and Kinkade, JJ., concur.
 

 Jones and Robinson, JJ., dissent.