By the Court.
 

 This is an original action in man-damns wherein the relators, George W. Poor and Theodore Bechtold, ask that respondents, composing the city Council of Columbus, be compelled to submit to the electors certain proposed amendments' to the city charter.
 

 A petition proposing the amendments to the charter of Columbus and containing 15,595 names was filed with the city council. Section 234 of the charter provides that amendments thereto shall be submitted to the electors of the city by the council upon á petition signed by ten per cent of such electors. The number voting at the last general municipal election prior to the time of filing- the petition in 1936 was 72,727.
 

 Pursuant to law the city council caused the petition to be checked as to the sufficiency and validity of the signatures thereto, with the result that there were found to be on the petition only 4,030 good and valid signatures. This number being less than ten per cent of the votes cast at the last preceding regular municipal election, the council refused to submit the proposed amendments to the electors of the city.
 

 
 *478
 
 The principal question for decision is whether, in a registration city like Columbus, the name of each person signing the petition must be followed by the designation of the ward and precinct in which such elector-lives. The relators contend that such designation is not necessary in the instant case, while the respondents insist that it is, and in checking the petition they rejected all signatures not followed by the designation of the ward and precinct. The foregoing question is raised by demurrer to the answer.
 

 The provisions of the Constitution of Ohio relating to the state-wide initiative and referendum are self-executing and are to be found in Section 1
 
 g
 
 of Article II. The provisions for the initiative and referendum in municipalities are to be found in Section 1/ of Article II of the Constitution which reads as' follows:
 

 “The initiative and referendum powers are hereby reserved to the people of each municipality on all questions which such municipalities may now or hereafter be authorized by law to control by legislative action; such powers shall be exercised in the manner now or hereafter -provided by law.”
 

 In order to determine the initiative provisions governing in the instant case it will therefore be necessary to examine the city charter of Columbus' as well as appropriate sections of the General Code.
 

 The charter of the city of Columbus was adopted pursuant to Section 7 of Article XVIII of the Constitution, and is known as a home rule charter. The initiative provisions of that charter are to be found in Sections 41 to 47, inclusive, but the only specific measure covered by those sections is “any proposed ordinance. ’ ’ The document under consideration in the instant case is not an ordinance but an amendment to the charter, and, therefore, would not come within the initiative provisions referred to. Section 232 of the city charter provides that “All general laws of the state applicable to municipal corporations, nov or
 
 *479
 
 hereafter enacted, and which are not in conflict with the provisions of this charter, or with ordinances' or resolutions hereafter enacted by the city council, shall be applicable to this city.” Section 4227-1, General Code, enacted pursuant to Section 1/ of Article II of the Constitution, provides as follows:
 

 “Ordinances and other measures providing for the exercise of any and all powers of government granted by the Constitution or now delegated or hereafter delegated to any municipal corporation by the General Assembly, may be proposed by initiative petition.”
 

 The proposed amendments to the charter of Columbus under consideration in the case at bar come within the term “other measures” in the foregoing section.
 

 Section 4227-4, General Code, contains essential provisions governing the initiative in municipalities in Ohio where the charter of the city fails to make express provisions' therefor, and reads in part as follows:
 

 “Any initiative or referendum petition may be presented in separate parts but each part of any initiative petition shall contain a full and correct copy of the title and text of the proposed ordinance or
 
 other measure
 
 and each part of any referendum petition shall contain the number and a full and correct copy of the title of the ordinance or
 
 other measure
 
 sought to be referred. Each signer of any such initiative or referendum petition
 
 must he an elector of the municipal corporation
 
 in which the election, upon which the ordinance or
 
 measure proposed
 
 by such initiative petition or the ordinance or
 
 measure, referred hy such referendum
 
 petition, is to be held, and shall place on such petition, after his name, the
 
 date of signing, his place of residence,
 
 including
 
 street and number,
 
 if any, and the
 
 ward and precinct * *
 
 In determining the sufficiency of any such petition
 
 all signatures which are found to he irregular shall he rejected,
 
 but no petition shall be declared invalid in its' entirety when
 
 *480
 
 one or more signatures are found to be invalid, except when the number of valid signatures shall be found to be less than the total number required as hereinafter provided. *■* *.” (Italics ours.)
 

 It will be observed that “Each signer of any such initiative or referendum petition * * * shall place on such petition, after his name, the date of signing, his' place of residence, including street and number, if any, and the ward and precinct.” In other words, the petition when filed with the city council must contain sufficient signatures thereon and followed together with other items by the ward and precinct of each elector.
 

 The reason for such a provision is not hard to find, especially in a registration city the size of Columbus. When an elector is registered for the purpose of voting, or exercising his' elective franchise, it is necessary for him to give the ward and precinct in which he lives, and this appears in the permanent record of his registration. Furthermore, under Ohio law, if he lives in a registration precinct he is not a qualified elector unless so registered. Section 4785-34, General Code, reads in part as follows: “No person residing in any registration precinct shall be entitled to vote at any election, or to sign any declaration of candidacy, nominating, initiative, referendum, or recall petition, unless he is duly registered as an elector in the manner provided herein.”
 

 While Section 4227-4, General Code, provides that the signer shall place on the petition, after his name, the ward and precinct, the first paragraph of the syllabus, in the case of
 
 State, ex rel. Patton,
 
 v.
 
 Myers, Secy, of State,
 
 127 Ohio St., 95, 186 N. E., 872, 90 A. L. R., 570, reads as follows: “Under Article II, Section 1
 
 g,
 
 of the Ohio Constitution, a signer of any initiative, supplementary or referendum petition must personally sign his own name to such petition in ink, but some other person, under the authority and direction
 
 *481
 
 of the signer, may write on the petition, after the signer’s name, the date of signing and the signer’s place of residence, as required by that section.” The court in its opinion at page 96 also said:
 

 “These provisions seem to the majority of the court conclusive. They require the names of all signers to be written in ink, ‘each signer for himself,’ and hence signify that the name can be signed by no one except the elector sponsoring the petition. With reference to the township and the county, the municipality, the street number, the ward and precinct, Section 1
 
 g
 
 simply requires that the signer shall ‘state’ or ‘place’ on the petition this information. This ‘stating’ or ‘placing’ is sharply distinguished both in word and in meaning from the signing of the name by ‘ each signer for himself.’ Hence we hold in the mandamus action that it is not necessary for an elector himself to write out the date, his place of residence, the township and county, the municipality, the street number, or the ward or precinct. He is required to sign his own name, and if the other information called for is properly filled in by some one else, at the direction and with the authority of the elector signing the petition, the Constitution has been complied with.”
 

 We have quoted the foregoing in order to point out that the ward and precinct need not necessarily be placed on the petition by the signer himself but may be filled in by someone else under his direction and authority. However, the law is clear that the ward and precinct, whether written in by the signer himself or by someone else under his direction, must follow the signature of the signer in a petition on an initiative petition as in the case at bar. By reason thereof we hold that in a registration city like Columbus', on an initiative petition, a signature not followed, amongst other requirements, by the ward and precinct of the signer does not comply with Section 4227-4,
 
 *482
 
 General Code, and, therefore, cannot be held to be
 
 a
 
 valid and sufficient signature.
 

 In the petition filed with the city Council of Columbus it appears that when the names were checked, of the 15,595 signatures, only 6,349 showed the ward and precinct, of which number 2,319 were invalid by reason of not being registered, or other causes, leaving only 4,030 good and valid signatures' on the petition. This number being short of the required ten per cent of the number of persons voting at the last preceding municipal election, the petition was insufficient and the city council properly refused to submit the proposed amendments to the electors of the city. There being no other material question in issue, the demurrer to the answer is overruled and the writ denied.
 

 Writ denied.
 

 Weygandt, C. J., Jones, Matthias, Day, Zimmerman, Williams and Myers, JJ., concur.