By the Court.
 

 Counsel supporting the demurrer predicate their position upon the sole proposition that the absence of the names of a committee of five in the initiative petition makes it fatally defective in view of the mandatory provisions of Section 27 heretofore set forth.
 

 In
 
 Dillon
 
 v.
 
 City of Cleveland,
 
 117 Ohio St., 258, 158 N. E., 606, this court held that where a municipality has adopted a charter containing initiative and referendum provisions which are reasonable and not in contravention of the constitutional provisions relating thereto, such charter procedure must be followed in preparing and filing an initiative or referendum peti
 
 *17
 
 tion. In
 
 State, ex rel. Poor,
 
 v.
 
 Addison et al., Council of City of Columbus,
 
 132 Ohio St., 477, 9 N. E. (2d), 148, it was held that since the Columbus charter contained no requirement for placing the date of signing, place of residence and ward and precinct of a signer upon an initiative petition, the statutory provisions control. Section 165 of the Portsmouth charter makes applicable general laws of the state not in conflict with the charter or ordinances or resolutions enacted by council.
 

 In the present proceeding there are no statutes which control and the provisions of Section 27 do not conflict with the Constitution, are not unreasonable, and therefore are valid and must govern. It might be observed that the same requirement for a committee in former Section 5000
 
 et seq.,
 
 now Section 4785-91, General Code, relating to nomination of candidates for offices, was held mandatory in
 
 State, ex rel. Bloker,
 
 v.
 
 Gabel et al., Deputy State Supervisors of Elections,
 
 113 Ohio St., 398, 149 N. E., 403.
 

 Counsel for the relators in their brief contend that Section 27 is neither mandatory nor directory, and maintain, first, that the provision of Section 166 of the charter, requiring a petition to be signed
 
 by only 10 per centum of the electors voting at the last general election,
 
 contravenes Section 9 of Article XVIII of the Constitution of Ohio, which requires a petition to be signed by
 
 10 per centum of the electors;
 
 and, second, that Section 166 of the charter provides that an initiative petition shall be filed with the
 
 election authorities,
 
 contrary to the holding by this court in
 
 State, ex rel. Hinchiffe,
 
 v.
 
 Gibbons et al., City Council,
 
 116 Ohio St., 390, 156 N. E., 455, that under that section of the Constitution an initiative petition to submit proposed amendments to the Cleveland charter should be filed with the city council and not with the election authorities as provided by that charter.
 

 As to these contentions it is sufficient to say that in
 
 *18
 
 the present controversy the initiative petition was not rejected by council because of an insufficient number of signatures or because such petition was not filed with the election authorities as required by Section 166 of the charter, and therefore those questions are not before this court.
 

 The demurrer to the petition is sustained and, relators not desiring to plead further, a writ of mandamus is denied.
 

 Writ denied.
 

 Weygandt,
 
 G.
 
 J., Day, Zimmerman, Williams, Myers, Matthias and Hart, JJ., concur.