Stewart, J.
 

 The initiative and referendum provisions of the charter for the submission of a proposed ordinance to the electors of the city are contained in sections 41 to 56, inclusive. The section with which we are concerned in the instant case is section 44, which reads as follows:
 

 “If the petition contains the required number of
 
 *328
 
 signers, the council shall, on the date of filing such proposed ordinance by the city clerk, read and refer the same to an appropriate committee who shall submit their report thereon to the council on the date of its next regular meeting. Should the council fail to take action on the date of such committee report, or shall reject the proposed ordinance, in whole or in part, the council shall forthwith order and provide for the submission of such proposed ordinance in its original form to a vote of the electors of the city at the next ensuing election to be held not less than sixty nor more than one hundred and twenty days thereafter; provided, that should no election be held within the period herein provided, the council may order and provide for the submission of such proposed ordinance, to a vote of the electors of the city within such period; otherwise, such proposed ordinance shall be submitted in its original form to a vote of the electors of the city at the next ensuing election.”
 

 It is the contention of relators that since the petition for the submission of the ordinance was properly filed with council, since council failed to take action upon the ordinance at the meeting at which the committee submitted its report in accordance with section 44, and since the primary election to be held May 2, 1950, is not less than 60 or more than 120 days after the date of such committee report, it is the mandatory duty of council to provide for the submission of the ordinance to the electors at such primary election.
 

 The respondents state five grounds, any one of which they contend is fatal to the right of relators to have the writ of mandamus issue.
 

 The first ground is that, assuming the primary election on May 2, 1950, is the “next ensuing election,” the “not less than 60 days thereafter” provision of the charter refers to the order of the council submitting the ordinance and since council has made no order,
 
 *329
 
 May 2, 1950, will be less than 60 days from any order which it could make if commanded to do so by this court.
 

 The second ground urged by respondents is that any issue to the voters of the city must be submitted at a general election and not at a state primary election (Section 4785-4e, General Code), no special election having been provided for by council.
 

 The third ground relied upon by respondents is intertwined with the second ground and is to the effect that, since an ordinance submitted by initiative must be voted upon by citizens of Columbus and since the next primary election is a state election, the language of the charter clearly indicates the intention that a proposed initiated ordinance must be submitted at a municipal election and not at a state election whether the latter be general or primary.
 

 The fourth ground relied upon by respondents is that the term, “election,” as used in section 44 of the charter, being unqualified, means a general or regular election as distinguished from a special or primary election.
 

 The fifth ground relied upon by respondents is that section 44 of the charter, upon which relators rely, relates only to a “proposed ordinance,” and that the initiative is limited to proposed ordinances and does not apply to proposed charter amendments.
 

 It is urged that although the proposal, with which the instant case is concerned, is designated a proposed ordinance, as a matter of fact it is not an ordinance at all but constitutes a proposed amendment to the charter.
 

 In view of the conclusion to which we have come with reference to the fifth ground urged by respondents it is unnecessary for us to consider the questions raised by the first four grounds.
 

 Does the petition state facts which entitle relators
 
 *330
 
 to the writ prayed for? All the steps with reference to the submission of an ordinance to the Columbus electors, except the action of council, have been properly and legally taken, and if the proposed ordinance was a genuine ordinance this court would compel its submission to a vote at the next ensuing election, if within the time limits provided in the charter. However, we are of the opinion that the proposed ordinance is not an ordinance at all but a proposal to amend the charter, and that the steps taken under the provisions of the initiative and referendum sections of the charter, to wit, sections 41 to 56, inclusive, are not appropriate for the submission of an amendment of the charter to the electors.
 

 Section 234 of the charter provides:
 

 “Amendments to this charter may be submitted to the electors of the city by a two-thirds vote of the council, and shall be submitted by the council upon a petition signed by ten per cent of the electors of the city, setting forth any such proposed amendment. The ordinance providing for the submission of any such amendment shall be submitted to the electors at the next regular municipal election if one shall occur not less than sixty nor more than one hundred and twenty days after its passage; otherwise it shall provide for the submission of the amendment at a special election to be called and held within the time aforesaid. Not less than thirty days prior to such election the city clerk shall mail a copy of the proposed amendment to each elector whose name appears upon the registration books of the last regular municipal or general election. If such proposed amendment be approved by a majority of the electors voting thereon, it shall become a part of the charter at the time fixed therein.”
 

 The provisions of that section, which embodies the provisions of Sections 8 and 9 of Article XVIII of the Ohio Constitution, must be complied with before an amendment to the charter can become effective. It is obvious that the steps taken do not comply with section 234.
 

 
 *331
 
 In the instant case the petition proposing the ordinance was signed by registered electors of Columbus, not less in number than 5 per cent of the total vote cast at the last preceding general municipal election, whereas section 234, supra, requires a petition signed by 10 per cent of the electors of the city to institute any proposed amendment to the charter. Furthermore section 234 requires that the ordinance providing for the submission of an amendment to the charter be submitted to the electors at the next regular municipal election, if any, not less than 60 nor more than 120 days after its passage, or otherwise at. a special election to be called and held within the aforesaid time. As is apparent, the provisions in section 234 are entirely different from the provisions with reference to a proposed ordinance. It follows, therefore, that if the propose'd ordinance in the instant case is not an ordinance at all but constitutes a proposed amendment to the charter, the petition in mandamus does not state facts constituting a cause of action.
 

 Although the proposal in the instant case is designated a proposed ordinance, the name itself does not determine its character. That must be determined from the substance of the proposed ordinance rather than its name.
 

 As hereinbefore stated, the proposal contains provisions fixing a minimum number of officers, members and employees of the divisions of fire and police and fixing their minimum salaries. Such provisions are in direct conflict with present provisions in the charter.
 

 Section 14 of the charter reads: “Except as herein otherwise provided, council shall by ordinance determine the number of officers and employees in each department of the city government.” (The exceptions referred to are in no way applicable.)
 

 Section 15 of the charter reads: “Subject to the provision of this charter as to the salary of council
 
 *332
 
 men and mayor, council shall fix by ordinance, the salary or compensation of all officers and employees of the city government * * *. ”
 

 The charter can be amended only as provided in section 234,
 
 supra.
 

 It is perfectly plain that the designated proposed ordinance if adopted would be directly contra to sections 14 and 15 of the charter, and, since paragraph 3 of section 45 of the charter provides, “ordinances approved by an electoral vote shall not be repealed, amended or supplemented except by an electoral vote, ’ ’ if the proposal in the instant case were adopted it would be operative, if at all, as a repeal of sections 14 and 15,
 
 supra,
 
 and, under the guise of initiating and adopting an ordinance, there would be an attempted repeal of two sections of the charter without a compliance with section 234 thereof.
 

 We are of the opinion, therefore, that the proposal in the instant case should not be submitted at any time to the electorate of Columbus unless it is properly submitted as a proposed amendment to the charter in accordance with section 234 thereof.
 

 In the case of
 
 State, ex rel. Davies,
 
 v.
 
 White et al., City Council of Reno,
 
 36 Nev., 334, 136 P., 110, the Supreme Court of Nevada held:
 

 “The proposition that a writ of mandate will not issue to compel respondents to submit to the electors of the city a proposed ordinance that would be void even if approved by a majority of the electors, is too clear for discussion or the citation of authorities. * * * If violative of the provisions of the charter, it would, for that reason, be void.”
 

 In the case of
 
 State, ex rel. Cranfill,
 
 v.
 
 Smith,
 
 330 Mo., 252, 48 S. W. (2d), 891, the Supreme Court of Missouri said:
 

 “In determining whether the writ should be granted
 
 *333
 
 or denied, we need not decide whether the provision in the city’s charter for the submission of a proposed ordinance to the electors is mandatory or merely directory, nor are we controlled by the general rule that-courts will not inquire into the validity of an act of legislation until after it has become
 
 fait accompli
 
 and is clothed with the outward forms of law. Mandamus is not a writ of right. Its issuance lies in the sound judicial discretion of the court. Before granting the writ the court will look to the public interest which may be concerned, and act in view of all the existing facts and with due regard to the consequences. And the writ will be refused where, if granted, it would be unavailing, or where the act to be performed would be unlawful, for the court will not compel the performance of a vain or unlawful act.”
 

 It seems to us that if, under the guise of submitting an ordinance by the initiative provisions of the Columbus charter, a proposal should be approved which is in direct conflict with provisions of the charter, the results would produce a fantastic situation.
 

 Section 58 of the charter provides:
 

 “The mayor shall be the chief executive officer of the city. He shall be elected for a term of four years. The mayor shall be an elector of the city and shall not hold any other public office or employment, except that of notary public or member of the state militia. ’ ’
 

 If a proposal should be submitted under the initiative sections of the charter for the submission of a proposed ordinance that the office of mayor should be abolished and the chief executive officer of the city should be the mayor of Cleveland, whoever he should be, and when Cleveland chooses a mayor he should automatically be the mayor of Columbus, and no proceedings to amend the charter under section 234 had been taken, does anyone suppose that this court would
 
 *334
 
 be under tbe legal duty to order sucb a proposed ordinance submitted to the electors of Columbus? The answer is obvious.
 

 If the relators and those who signed the petition for the proposal in the instant case are dissatisfied with the provisions of sections 14 and 15 of the Columbus charter and desire to have taken away from council the authority to determine the number of officers and employees in each department of the city government and the authority to fix their salaries, they have a perfect legal right to proceed under section 234 of the charter to attempt to amend it, but that cannot be done under the guise of proposing an amendment in accordance with sections 41 to 56, inclusive,
 
 supra,
 
 and designating such proposed amendment as an ordinance.
 

 The case of
 
 State, ex rel. Kittel, a Taxpayer,
 
 v.
 
 Bigelow et al., Council,
 
 138 Ohio St., 497, 37 N. E. (2d), 41, cited by relators, is quite different in its facts and principles involved from the instant case.
 

 The initiative and referendum have become integral parts of the philosophy of government, not only in the state but in the cities, and their creating and regulating provisions should be construed so as to give full effect to the right of the people to change their Constitution, their laws or their ordinances, but such provisions should not be construed in reference to a city charter so as to accomplish an attempted amendment of it without complying with the provisions for such amendments.
 

 The demurrer is sustained and the writ denied.
 

 Writ
 
 denied.
 

 Weygandt, O. J., Matthias, Hajrt, Zimmerman, Turner and Taet, JJ., concur.