240

## COUNCIL OF OAK HARBOR, Election of, In re.

Common Pleas Court, Ottawa County.

No. 13499.   Decided December 30, 1953.

Myron Rosenstreter, Pros. Atty., for the Board of Elections.
True & Meyer, Port Clinton, for contestors.
William Moon, Port Clinton, for contestees.

### OPINION

By McCRYSTAL, J.

This action arose by virtue of a petition filed by at least twenty-five qualified voters, residents of Oak Harbor, Ottawa County, Ohio, who voted in the election of November 3, 1953, for or against eight candidates for the City Council of the Village of Oak Harbor. The signers of the petition are referred to as the contestors and the eight candidates for the office of council are referred to as the contestees  The petition filed by the contestors prays that the election of November, 1953, in the Village of Oak Harbor for the offices of council of the village be set aside and that another election regarding said offices be held according to law.

On the 30th day of November, 1953, the Contestees. upon oral motion, moved that the action be dismissed for want of jurisdiction in the Court of Common Pleas. The contestors' claim is based on the fact that §731.44 R. C. (§4237 GC) vests the city council with the exclusive jurisdiction to be the judge of the election and qualification of its members. **Sec. 731.44 R. C.** reads as follows:—

"The legislative authority of a municipal corporation shall be the judge of the election and qualification of its members * * *"

**Sec. 4327 GC** reads as follows:—

"Council shall be the judge of the election and qualification of its members * * *."

In view of §1.24 R. C. declaring the legislative intent of the Revised Code, this court for the purposes of this opinion will interpret §731.44 R. C. as meaning that council shall be the judge of the election and qualifications of its members, rather than using the term "the legislative authority." Whether or not the latter meaning enlarges or derogates from the word "council" need not be decided in this case.

The contestors meet the argument of the contestees by claiming that their petition is filed under the authority of §3515.08 R. C. (§4785-166 GC). The pertinent part of this section reads as follows:—

"* * * In the case of all other offices or issues, except judicial offices, such contest shall be heard and determined by a judge of the Court of Common Pleas of the county in which the contest arose."

Upon reading §731.44 and §3515.08 R. C. there is an apparent conflict. In looking to the legislative history of each of these sections, we find that §731.44 R. C. was enacted prior to 1900. Sec. 3515.08 R. C. became effective in 1930. Prior to 1930, the election laws of Ohio on this subject read as follows:—

Sec. 5169 GC. "The election of any municipal officer, except a member of council, may be contested in the manner hereinbefore provided for contesting * * *." (Emphasis ours.)

Prior to the change in the election laws in 1930, courts of this state had held that by virtue of the section of the Municipal Code, making council the judge of election and qualification of its members, that this section was the exclusive remedy for the contesting of an election for the office of City Council. 28 O. Jur. 259.

Since the enactment of the revised election laws in 1930, this question has not been squarely presented to any court and the apparent conflict between the election code and the municipal code has not been decided.

It is the opinion of this court that §3515.08 R. C. vests the Court of Common Pleas with the jurisdiction to hear and determine questions involving the contests of elections of the offices of city council. The clear, unambiguous wording of that section wherein it states "in the case of all other offices," indicates that it was the intent of the legislature that the Common Pleas Court have jurisdiction in this type of case. Whether or not it was the intent of the legislature to deprive the village council of its right to judge the election and qualifications of its members is not clear and for the purpose of this proceeding, it is not necessary to decide that question.

This court looks with disfavor upon the practice of some courts in deciding more than the issue required and for that reason will not indulge in any opinion as to the validity of §731.44 R. C.

It is therefore. the opinion of this court that §3515.08 R. C. gives the Common Pleas Court jurisdiction to hear and determine the present case. This court does not pass on the question of whether the remedy set forth in §3515.08 R. C. is exclusive or concurrent with the village council by virtue of §731.44 R. C. The motion of the contestees is thereby denied.