CLOUD, APPELLANT, *v.* BOARD OF ELECTIONS OF CLARK COUNTY ET AL., APPELLEES.

(No. 676—Decided May 6, 1968.)

*Messrs. Coolidge, Wall, Wood & Matusoff*, for appellant.

*Messrs. Cole, Cole & Harmon, Mr. James A. Berry* and *Mr. Charles E. Carter*, director of law, for appellees.

KERNS, J. This is an appeal on questions of law from a judgment of the Court of Common Pleas of Clark County.

The plaintiff, appellant herein, Dr. Harry L. Cloud, filed a petition seeking an injunction restraining the Board of Elections of Clark County from submitting the issue of the repeal of Section 90 of the Charter of the City of Springfield to a vote of the electors of that city at the primary election to be held on May 7, 1968. After the filing of the action, the city of Springfield was made a party-defendant.

The trial court entered judgment denying the relief sought on April 8, 1968. Thereafter, an appeal was perfected, and the case was argued and submitted to this court for review on May 2, 1968.

In this appeal, Dr. Cloud contends that the petitions

circulated as the basis for the ordinance of the City Commission submitting the issue to the electorate are fatally defective in that they do not have the following words printed on them in red as required by Section 731.33, Revised Code:

"Notice—Whoever knowingly signs this petition more than once, signs a name other than his own, or signs when not a legal voter is liable to prosecution."

The defendants, appellees herein, dispute this contention and argue that Section 731.33, Revised Code, has no application because charter cities are excepted from its requirements by Section 731.41, Revised Code, which provides as follows:

"Sections 731.28 to 731.41, inclusive, of the Revised Code do not apply to any municipal corporation which adopts its own charter containing an initiative and referendum provision for its own ordinances and other legislative measures."

In resolving the controversy, the trial court held that the Charter of the City of Springfield does in fact contain provisions for initiative and referendum for its own ordinances and other legislative measures, that such provisions do set forth positive and specific requirements with respect to what such petitions must contain, and that such provisions do sufficiently and substantially comply with the requirements of the pertinent state statutes.

Although the Charter of the City of Springfield is framed in such a manner as to permit dual interpretation of the provisions governing the critical issue in the present case, it is amenable to a construction which will give effect to the constitutional right of the people to decide whether to amend their charter at the forthcoming primary election. However, we are of the opinion that the conclusion reached by the trial court was proper for a more cogent reason.

Section 83, which provides for an amendment of the charter, provides in part as follows:

"Amendments to this charter may be submitted to the electors of the city by a two-thirds vote of the city commission, and shall be submitted to such electorate when a

petition is filed by ten percent (10%) of the registered voters in the municipality at the last regular municipal election of the city * * *.''

At the time of oral argument, the plaintiff conceded that the ordinance providing for the submission of the issue to the electorate was passed by a unanimous vote of the City Commission. With this in mind, attention is directed to the case of *State, ex rel. Kittel,* v. *Bigelow,* 138 Ohio St. 497, where the second paragraph of the syllabus reads as follows:

''Where a petition has been filed with the legislative authority of a municipality requesting the passage of an ordinance submitting a proposed charter amendment to the electorate, and the legislative authority in fact passes an ordinance of submission by a vote of two-thirds or more of its members, any defects in the filing or signing of the petition become immaterial, even though the preamble of the ordinance recites that the legislative authority is acting in response to the petition. * * *''

The *Bigelow case* approved and followed the case of *State, ex rel. McCormick,* v. *Fouts,* 103 Ohio St. 345, which says, in the first paragraph of the syllabus:

''Where a petition has been filed with the legislative authority of a city praying the passage of an ordinance for submission to the electors of the city * * * and the legislative authority in fact passes an ordinance by a two-thirds vote of its members, no inquiry may thereafter be made into the form, substance or sufficiency of such petition.''

In the present case, as well as in the *Fouts case,* the submission of the issue to the electorate can as well be ascribed to the voluntary action of the City Commission as to the constitutional duty of the commission to act upon the filing of the petitions.

In support of his position in the present case, the plaintiff relies principally upon *State, ex rel. Nimon,* v. *Springdale,* 6 Ohio St. 2d 1, and *State, ex rel. Poor,* v. *Addison,* 132 Ohio St. 477. In each of those cases, the petitioner sought a writ of mandamus to compel the legislative authority to submit issues to the electorate, whereas the pe-

titioner in the present case seeks to enjoin the board of elections from submitting to the electorate an issue which the legislative authority has already approved. Regardless of whether the relief sought in a particular action is affirmative or negative in character, the discretionary power to make the ultimate determination as to whether a particular issue is submitted to the electorate is reposed in the legislative branch of government. See *State, ex rel. Hinchliffe,* v. *Gibbons,* 116 Ohio St. 390. Ordinarily, a court will not issue a writ of mandamus requiring the submission of a proposed amendment to the electors unless it clearly and affirmatively appears that the finding of the legislative authority resulted from a gross abuse of discretion. *State, ex rel. Walts,* v. *Michell,* 124 Ohio St. 161. By the same token, it reasonably follows that a legislative determination to submit a particular issue to the electorate is not subject to challenge in the absence of a gross abuse of discretion.

The rationale of the *Bigelow* and *Fouts cases* is well expressed in *Bigelow* (138 Ohio St. 497), at page 502, where the court said:

"Council had the unquestioned power under Section 9, Article XVIII of the Constitution of Ohio, to enact this legislation by a two-thirds vote without any petitions. The court will not examine into the motives, whether expressed or unexpressed, which may have induced the exercise of this power. It is not within the judicial province to nullify a statute or ordinance merely because of the alleged impropriety or mistaken beliefs underlying the legislators' reasons for enacting it. * * *"

The present record fails to disclose an abuse of discretion on the part of the City Commission. Nor does the record reveal any other valid reason for granting the equitable relief sought by the plaintiff in his petition.

Accordingly, the judgment of the trial court denying injunctive relief will be affirmed.

*Judgment affirmed.*

CRAWFORD, P. J., and SHERER, J., concur.