THE STATE, EX REL. POLCYN ET AL., APPELLEES, *v.* BURKHART ET AL., APPELLANTS.

(No. 72-796—Decided February 8, 1973.)

8

*Messrs. Wilkowski & Bloom* and *Mr. Arthur Wilkowski,* for appellees.

*Mr. John J. Burkhart* and *Mr. John H. Harpen,* for appellants.

*Per Curiam.* Appellants' main contention is that the Toledo City Council is not required to submit to the electorate a proposed amendment to the Charter of the city of Toledo if, in Council's opinion, the *substantive* content of the proposed amendment is "invalid on its face," even though there are a sufficient number of valid signatures on the petition proposing such an amendment.

Section 9, Article XVIII of the Ohio Constitution, provides, in part:

"Amendments to any charter framed and adopted as herein provided may be submitted to the electors of a municipality by a two-thirds vote of the legislative authority

thereof, and, upon petitions signed by ten per centum of the electors of the municipality setting forth any such proposed amendment, shall be submitted by such legislative authority. The submission of proposed amendments to the electors shall be governed by the requirements of Section 8 * * *.''

Appellants contend that two opinions of this court construing that section are supportive of their position. In *State, ex rel. Hinchliffe,* v. *Gibbons* (1927), 116 Ohio St. 390, 156 N. E. 455, the court considered whether Section 9 permitted the filing of initiative petitions with ''election authorities,'' as opposed to city council, and determined that it did not. As stated in the opinion, at pages 394 and 395, the Constitution ''clearly implies, if it does not definitely express, that some power and some duty is intrusted to * * * [the] legislative authority,'' not to ''an arm of the executive branch, *viz.* the board of elections.'' However, the court also said that the legislative authority need not submit the petition to the electorate unless satisfied that the petitions ''are sufficient in form and *substance* and all statutory requirements calling for the submission have fairly been met.'' (Emphasis added.)

The court below dismissed this latter language as *obiter dicta,* and appellees point out that the question of whether city council's power extended that far was not before the court in *Hinchliffe* and was not a basis for the holding in that case. Furthermore, we think that subsequent decisions of the court, based upon *Hinchliffe,* leave little doubt that appellants' interpretation of Section 9 was never intended. For example, it was held that a municipal legislative body could properly refuse to certify a petition for the ballot where the signatures on certain petitions appeared to be invalid (*State, ex rel. Waltz,* v. *Michell* [1931], 124 Ohio St. 161, 177 N. E. 214); where the petition did not contain a sufficient number of valid signatures (*State, ex rel. Poor,* v. *Addison* [1937], 132 Ohio St. 477, 9 N. E. 2d 148); and where the petitions did not disclose the identity of the committee of five petitioners responsible

for the circulation and filing of the petitions (*State, ex rel. Daniels,* v. *Portsmouth* [1939], 136 Ohio St. 15, 22 N. E. 2d 913). As can be seen from the consistency of result in the foregoing cases, council's power to examine initiative petitions for sufficiency has not been declared by this court to extend beyond matters of form, or "administrative determinations" concerning the number of valid signatures. *State, ex rel. Kittel,* v. *Bigelow* (1941), 138 Ohio St. 497, 503, 37 N. E. 2d 41.

Appellants also urge that their position is buttressed by the opinion in *State, ex rel. Werner,* v. *Koontz* (1950), 153 Ohio St. 325, 91 N. E. 2d 473. In that case, the Columbus City Council was permitted to withhold a proposal from the electors of Columbus because it did not "constitute an ordinance properly submissible to the electors * * * under the initiative and referendum provisions * * * of the charter * * *."

*Koontz* involved an attempt to amend a city charter through utilization of the provisions of the charter relating to the enactment or amendment of city ordinances. A reading of the opinion discloses that the provisions relating to ordinances only required, *inter alia,* that petitions be signed by five percent of the electors, while those concerning a charter amendment, in accordance with the Constitution, required ten percent of the electors to be signatories. Moreover, the petitioners failed to demonstrate that they had obtained more than the stated five percent. Other procedural requirements for charter amendment were also ignored, they having been confused with those for ordinances. Thus, *Koontz* belongs in that category of cases, to which we alluded earlier, where the city council found either procedural inadequacies or insufficient signatures. None of the cases decided by this court, which are cited by appellants, should be construed to invest municipal legislative authorities with the power to determine what substantive errors, if any, are grave enough to warrant the withdrawal of a whole issue from the electorate, whether they appear "on the face" of the petitions or not. That is

a judicial function, and Section 9, Article XVIII, does not contemplate that legislative authorities be clothed with that prerogative.

Appellants' second contention is that the alleged substantive errors in the descriptive language of the petition do, in fact, render the petition invalid on its face. Although our above-stated conclusions deplete the relevance of that proposition, the court below considered such errors, and declared that they ''are minimal; the descriptions * * * clear, the intent unmistakable.''

The ''test,'' regarding alleged textual deficiencies in petitions such as the one at bar, was stated in *Markus* v. *Bd. of Elections* (1970), 22 Ohio St. 2d 197, 259 N. E. 2d 501. That case held that the text ''must fairly and accurately present the question or issue to be decided in order to assure a free, intelligent and informed * * * [decision] by the average citizen affected.'' In the case at bar, the question is whether a drastic alteration in the form of city government in Toledo is to be effected. We agree with the Court of Appeals that such issue is fairly and accurately presented by the language of the instant petition, and that the average citizen will understand the question before him. Significantly, at no place in this litigation has it been argued that any petition signer has been misled by these errors.

We view the mistakes complained of as technicalities which are readily correctible. See *State, ex rel. Moore,* v. *Trustees of Weathersfield Township* (1954), 161 Ohio St. 38, 117 N. E. 2d 433. Errors which have not misled petition signers should be correctible by the board of elections during preparation of the ballot statement. The courts are open to test legitimate disagreements concerning a purported misinforming of such signers, just as they are for clear violations of statutes regarding referendum submission to the voters. Cf. *Markus* v. *Bd. of Elections, supra.* However, boards of elections may perform only such acts as are reasonably authorized by statute, and despite the broad powers presently devolving upon them in the per-

formance of their statutory duties, none appears to permit the process needed here.

Therefore, we hold that the responsibility to make these ministerial corrections to the initiative proposition in this cause falls upon the Clerk of the Toledo City Council. The errors are certain, known to all parties and inconsequential to the fairness of the instant electoral process. Pursuant to Section 2(B)(1)(f) of Article IV of the Constitution of Ohio, the clerk is ordered to forthwith correct the boundary errors briefed and argued in this litigation.

Since the text will then be accurate, and since the parties have stipulated that the petition involved here is "sufficient as to form and as to number [of signatures]," we cannot perceive any justification for further withholding this matter from the ballot. See *Switzer* v. *State, ex rel. Silvey* (1921), 103 Ohio St. 306, 319, 133 N. E. 552.

Accordingly, in conjunction with our foregoing order, the judgment of the Court of Appeals, ordering that a writ of mandamus issue directing appellants to submit the proposed charter amendment to the electorate, is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN, and GRAY, JJ., concur.

GRAY, J., of the Fourth Appellate District, sitting for P. BROWN, J.