(No. C-790817—Decided January 14, 1981.)

*Messrs. French, Marks, Short, Weiner & Valleau* and *Mr. Richard J. Valleau,* for appellant.

*Mr. Timothy S. Hogan,* city solicitor, for appellees.

BLACK, J. Plaintiff-appellant, Philip D. Oppenheimer, sought to enjoin the vote on an amendment to the Madeira City Charter (Charter) because copies of the amendment were placed in the mail addressed to "Resident" and not to each elector whose name appeared on the registration books of the last general election held in the city, as required by law. The trial court denied him all relief finding that Madeira had "substantially complied" with the Charter and the Ohio Constitution. We disagree with that judgment.

The facts were stipulated. The Madeira City Council adopted an ordinance requiring that an amendment of Sections 1 and 7, Article III of the Madeira City Charter, be submitted to the vote of the qualified electors of the city at the election on November 6, 1979. The amendment extended the terms of the mayor and the six councilmen from two to four years, provided alternating (staggered) elections for half of the councilmen, and imposed a limitation of three consecutive terms for the mayor and the councilmen.

A copy of the full text of the amended sections of the Charter and an explanatory letter were placed in envelopes, *uniformly addressed,* to "Resident"; the following is an example of the address format:

"RESIDENT
"7821 Buckeye Crescent
"Cincinnati OH 45243"

(The zip code "45243" includes all of the city of Madeira.)

The Charter provides, in Section 5 of Article XIV, that "copies of such amendments shall be mailed to the electors as required in the case of this original charter." The requirement for original charters is found in Section 8, Article XVIII of the Ohio Constitution, which provides that in the original submission of a proposed charter to the electorate "* * * the clerk of the municipality shall mail a copy of the proposed charter to

each elector whose name appears upon the poll or registration books of the last regular or general election held therein. * * *"

We hold that the constitutional provisions for mailing to the electors by name are mandatory, and that addressing copies of the proposed charter amendment to "Resident" does not comply with those mandatory provisions.

We find no precedent in the reported cases in Ohio, and the issue appears to be of first impression. However, we support our holding by relying on cases which hold that clear and unambiguous terms in the Constitution, or in the statutes relating to election procedures, are mandatory.

*Billington* v. *Cotner* (1971), 25 Ohio St. 2d 140 [54 O.O.2d 270], held that those provisions of Sections 8 and 9, Article XVIII of the Ohio Constitution, providing that the calling of a special election by the municipality's legislative authority to vote on a proposed charter amendment, are mandatory, and that the failure of Cleveland's council to establish a date for the special election was fatal. The language of the Constitution is clear and unequivocal, and the omission of the date was a gross mistake. Even though the election had been held and the proposal received a favorable vote, the Supreme Court stated that it would not be 'intimidated" in its dedication to the law and that every attempt must be made to preserve the validity of elections. *Id.*, at 152. The election was declared a nullity and of no effect. See, also, *State, ex rel. Vrooman,* v. *Kauffman* (1926), 22 Ohio App. 282.

We note that, in the present case, plaintiff asked for alternative relief: to enjoin the placing of this issue on the ballot, or to enjoin the counting of the votes on the issue, or to enjoin the release and certification of the results. His demand for relief was sufficiently broad to bring the whole elective process on this issue into question.

Charter provisions for amendments are controlling and must be followed to the letter. *State, ex rel. Werner,* v. *Koontz* (1950), 153 Ohio St. 325 [41 O.O. 309]. Technical errors in describing the districts from which councilmen will be elected under a charter amendment may be corrected by the clerk, and council has no power to keep the issue off the ballot for errors subject to ministerial correction. *State, ex rel. Polcyn,* v. *Burkhart* (1973), 33 Ohio St. 2d 7 [62 O.O.2d 202]. But when the governing language contains no ambiguity about procedures affecting the right to vote, that procedure must be followed. See *In re Election of Council of Oak Harbor* (Ottawa C.P. 1953), [53 O.O. 426], 118 N.E.2d 692.

The language of the Madeira Charter, and the incorporated language of Section 8, Article XVIII of the Ohio Constitution, is clear and unequivocal. This language requires that the copies of the proposed amendment be addressed *by name* to the electors appearing on the poll or registration books of the last regular or general election held in Madeira. If the intent had been to allow a mailing to "Resident," other language would have been used. It is not legally significant that envelopes addressed to "Resident" may conceivably reach all electors, because the vital legal point is what the Charter demands in specific language, not what alternatives there may be.

It may be that the Madeira Clerk sought to mail the notice by a less expensive method than addressing the electors by name, but cost alone cannot justify a violation of mandatory charter provisions.

We find nothing in the record that would allow departure from the clear and unequivocal requirements of the Madeira Charter and the Ohio Constitution. The

concept of "substantial compliance" has no applicability in the instant cause. Plaintiff was, as a matter of law, entitled to judgment in his favor prior to the election, and the only method now available to give him the relief to which he was then entitled is to invalidate the vote on this issue. We reverse the decision of the Court of Common Pleas of Hamilton County and hereby declare that the vote on the proposed amendment to the Charter of the city of Madeira, as contained in Ordinance No. 1420, held on November 6, 1979, and the results thereof, are a nullity and without effect.

*Judgment accordingly.*

PALMER, J., concurs.*

___

* BETTMAN, P.J., participated in this case which was, however, decided after his resignation.