The STATE ex rel. RIEHL, Law Dir., et al., Appellants,

v.

MALONE, Clerk, et al., Appellees.

[Cite as *State ex rel. Riehl v. Malone* (1994), 94 Ohio App.3d 448.]

Court of Appeals of Ohio,
Summit County.

No. 16424.

Decided April 27, 1994.

*Charles T. Riehl,* Richfield Law Director, and *Christopher Gibbon,* Assistant Law Director, for appellants.

*Russell M. Pry* and *John R. Kassinger,* for appellees.

QUILLIN, Presiding Judge.

Appellants, the village of Richfield and Charles T. Riehl in his capacity as Law Director for Richfield, appeal from the trial court's July 30, 1993 order granting attorney fees to village taxpayers pursuant to R.C. 733.61. We reverse.

Appellees, Susan Anielski, Michelle Mellenbrook, Daniel T. Twardzik, Sr., and Geraldine Twardzik, circulated petitions to amend the Richfield Charter. Specifically, appellees sought to amend the charter at Section 9.01, Article IX and Section 10.01, Article X. The amendments sought to limit the length of service for members of the planning and zoning commission and the board of zoning appeals to two terms. The petitions requested a vote on the charter amendments at a special election to be held on May 4, 1993.

On January 5, 1993, appellees submitted the petitions to Richfield's Village Council ("village council"). Village council rejected the petitions on the basis that the petitions did not contain warnings about penalties for falsification as required by R.C. 3501.38(J) and 731.33. On February 3, 1993, appellees sent a letter to Charles T. Riehl in his capacity as Law Director of Richfield, instructing him to bring an action in mandamus against village council if village council failed to submit appellees' petitions to the Summit County Board of Elections ("board of elections"). Furthermore, the letter advised Riehl that if he failed to comply with appellees' request, appellees would bring a taxpayer's action.

On February 16, 1993, Riehl filed a complaint with the Summit County Court of Common Pleas for declaratory judgment and mandamus. The complaint was amended on February 17, 1993 to include both petitions which appellees had submitted to village council. The amended complaint named Peggy Malone, clerk of village council, and appellees as defendants. Appellees filed an answer, a counterclaim and a cross-claim. In their counterclaim and cross-claim, appellees

prayed for a writ of mandamus directing the clerk of village council to pass an ordinance submitting their petitions to the board of elections and for attorney fees. On March 11, 1993, the trial court issued its findings and order. The court found that the petitions were valid without warnings about penalties for falsification and ordered village council to place the charter amendments on the May 4, 1993 ballot. The trial court held the issue of attorney fees in abeyance.

In accordance with the trial court's order, village council submitted appellees' charter amendment issues to the board of elections. On March 30, 1993, the Summit County Prosecutor's Office issued an official opinion stating that, because the petition had been submitted to the board of elections less than sixty days before the election date, the charter amendments could not go on the May 4, 1993 ballot. After negotiations between the parties, the proposed term limitations were placed on the ballot during a September 7, 1993 special election. The voters rejected appellees' proposed amendments.

On June 25, 1993, appellees filed with the trial court a motion for attorney fees under R.C. 733.61. After a hearing, the trial court entered a finding and order awarding appellees attorney fees. Appellants appeal, asserting eight assignments of error.

## Assignment of Error III

"The trial court erred in awarding attorneys fees to defendants pursuant to R.C. § 733.61 because the village law director had filed a complaint pursuant to R.C. § 733.58."

■ As a general rule, "absent a statutory provision allowing attorney fees as costs, the prevailing party is not entitled to an award of attorney fees unless the party against whom the fees are taxed was found to have acted in bad faith." *State ex rel. Crockett v. Robinson* (1981), 67 Ohio St.2d 363, 369, 21 O.O.3d 228, 232, 423 N.E.2d 1099, 1103. R.C. 733.61 allows a taxpayer to recover attorney fees for a taxpayer action under the following circumstances:

"If the court hearing a case *under section 733.59 of the Revised Code* is satisfied that the taxpayer had good cause to believe that his allegations were well founded, or if they are sufficient in law, it shall make such order as the equity of the case demands. In such case the taxpayer shall be allowed his costs, and, if judgment is finally ordered in his favor, he may be allowed, as part of the costs, a reasonable compensation for his attorney." (Emphasis added.)

A taxpayer may institute suit in his own name under R.C. 733.59, under the following circumstances:

"If the village solicitor or city director of law fails, upon the written request of any taxpayer of the municipal corporation, to make any application provided for

in sections 733.56 to 733.58 of the Revised Code, the taxpayer may institute suit in his own name, on behalf of the municipal corporation."

Appellees made a written request upon Riehl to file a mandamus action to compel village council to submit appellees' petitions to the board of elections. R.C. 733.58 provides:

"In case an officer or board or municipal corporation fails to perform any duty expressly enjoined by law or ordinance, the village solicitor or city director of law shall apply to a court of competent jurisdiction for a writ of mandamus to compel the performance of the duty."

In the case *sub judice*, R.C. 733.58 would require Riehl to seek mandamus only if village council failed to perform a duty expressly enjoined by law or ordinance. The legal authorities which would require village council to submit appellees' proposed amendments to the board of elections are Section 18.01 of the Richfield Charter and Section 9, Article XVIII of the Ohio Constitution.

Section 18.01 of the Richfield Charter provides in pertinent part:

"[U]pon the receipt of a petition signed by not less than ten percent (10%) of the electors of the Municipality setting forth any proposed amendment or amendments to this Charter, the Council shall forthwith submit such proposed amendment or amendments to the electors in accordance, in each instance, with the provisions of the Constitution of the State of Ohio."

Section 9, Article XVIII of the Ohio Constitution provides a means to propose amendments to the municipal charter as follows:

"[P]etitions signed by ten per centum of the electors of a municipality setting forth any such proposed amendment, shall be submitted by such legislative authority."

Under Ohio Supreme Court precedent, however, a municipality's legislative authority is empowered to refuse to certify an amendment for the ballot where the petitions are invalid as a matter of "form, 'or administrative determinations' concerning the number of valid signatures." *State ex rel. Polcyn v. Burkhart* (1973), 33 Ohio St.2d 7, 10, 62 O.O.2d 202, 203, 292 N.E.2d 883, 885. Accordingly, village council would not be required to submit appellees' proposed amendments to the board of elections if the petitions contained procedural inadequacies or insufficient signatures. See *id.* Pursuant to this reasoning, the Supreme Court of Ohio has held that a municipal corporation properly refused to certify an amendment for the ballot where "the signatures on certain petitions appeared to be invalid (*State ex rel. Waltz v. Michell* [1931], 124 Ohio St. 161, 177 N.E. 214); where the petition did not contain a sufficient number of valid signatures (*State ex rel. Poor v. Addison* [1937], 132 Ohio St. 477 [8 O.O. 459], 9 N.E.2d 148); and where the petitions did not disclose the identity of the committee of five

petitioners responsible for the circulation and filing of the petitions (*State ex rel. Daniels v. Portsmouth* [1939], 136 Ohio St. 15 [15 O.O. 336], 22 N.E.2d 913)." *State ex rel. Polcyn v. Burkhart, supra,* 33 Ohio St.2d at 9–10, 62 O.O.2d at 203, 292 N.E.2d at 885.

Appellees' February 3, 1993 letter instructed Riehl to advise village council to submit the petitions to the board of elections. Further, the letter demanded that Riehl bring a mandamus action if village council refused to submit the petitions to the board of elections. On February 16, 1993, Riehl filed a complaint for declaratory judgment and mandamus in the Summit County Court of Common Pleas. As amended on February 17, 1993, the legal action sought a determination of whether appellees' petitions required warnings about penalties for falsification. Additionally, the complaint requested the court to issue a mandatory injunction to the clerk of village council if the court determined that there was a clear legal duty to forward the petitions to the board of elections.

Accordingly, we believe that Riehl did not fail to make an application for mandamus under R.C. 733.58 which would entitle appellees to institute suit in their own names under R.C. 733.59. Riehl applied for mandamus under R.C. 733.58, upon the written request of appellees, by filing a complaint for declaratory judgment and mandamus. By seeking a declaratory judgment to determine if mandamus was appropriate, Riehl simply took the most reasonable course of action when confronted with a colorable doubt concerning whether appellees' petitions were, in fact, valid. Had the trial court determined that the petitions were invalid for a lack of warnings regarding penalties for falsification, village council's refusal to submit the petitions to the board of elections would not have constituted a failure to perform a duty expressly enjoined by law or ordinance. Accordingly, Riehl would not be required to seek a writ of mandamus under R.C. 733.58.

Additionally, the fact that appellees' were named as defendants in the declaratory judgment and mandamus complaint filed by Riehl does not adversely affect the efficacy of his application for mandamus. R.C. 733.581 provides:

"If the village solicitor or city director of law, upon the written request of any taxpayer of the municipal corporation, makes any application provided for by section 733.56, 733.57, or 733.58 of the Revised Code, the taxpayer may be named as a party defendant and if so named shall have the right to assist in presenting all issues of law and fact to the court in order that a full and complete adjudication of the controversy may be had."

Accordingly, the fact that appellees were joined as defendants in the declaratory judgment and mandamus action did not transform the proceedings into an R.C. 733.59 action.

Having found that appellees did not and could not bring an action under R.C. 733.59, it necessarily follows that the trial court was without jurisdiction to award attorney fees to appellees under R.C. 733.61. Appellees argue that this court's decision in *State ex rel. Elyria v. Trubey* (1983), 24 Ohio App.3d 44, 24 OBR 97, 493 N.E.2d 254, warrants a different conclusion. We believe that opinion is distinguishable.

*Trubey* involved a taxpayer's successful appeal from an unfavorable trial court ruling. The action was originally instituted by the city's law solicitor upon a written request by the taxpayer. The city law solicitor decided not to appeal the unfavorable ruling and the taxpayer brought the appeal in his individual capacity. We awarded the taxpayer attorney fees pursuant to R.C. 733.61, despite the fact that the city law solicitor had litigated the issue through the trial phase of the proceedings. In so holding, we stated:

"[I]t has been held that the lack of diligence by the municipal attorney in prosecuting his case to a final adjudication constitutes a failure to comply with the original written request of the taxpayer, and authorizes the taxpayer to proceed in his own name, and to be awarded attorney fees." *Id.* at 46, 24 OBR at 98, 493 N.E.2d at 256.

In the case *sub judice*, Riehl did not fail to prosecute the case to a final adjudication. The complaint for declaratory judgment and mandamus requested the court to issue a writ of mandamus if a clear legal duty to certify the petitions to the board of elections was found. The court, in fact, found that such a duty existed and ordered village council to certify the petitions with the board of elections.

Accordingly, we believe that the trial court was without jurisdiction to award appellees attorney fees under R.C. 733.61. Appellants' third assignment of error is well taken.

## Assignment of Error VI

"The trial court erred in holding that plaintiffs had waived their objection to defendants' attorneys fees request because the issues were tried with the express and implied consent of defendants and because the issue of the court's jurisdiction to award attorneys fees can be raised at any time."

■ In his July 30 order, the trial judge held that appellants had waived their right to challenge appellees' entitlement to reasonable attorney fees under R.C. 733.61 by holding:

" * * * Defendants requested that attorney fees be awarded in their counter-claim filed against Relator and Plaintiff in this case. * * * Relator and Plaintiff never filed an answer to Defendants' counterclaim. Relator and Plaintiff have

thus waived their right to challenge Defendants' being entitled to reasonable attorney fees."

However, upon finding that R.C. 733.61 did not invest the trial court with jurisdiction to award appellees attorney fees, we believe the trial court erred in finding the issue had been waived. It is well settled that a court's lack of subject matter jurisdiction is not an issue which can be waived. See, *e.g.*, *Painesville v. Lake Cty. Budget Comm.* (1978), 56 Ohio St.2d 282, 284–285, 10 O.O.3d 411, 412–413, 383 N.E.2d 896, 898–899; *Gates Mills Invest. Co. v. Parks* (1971), 25 Ohio St.2d 16, 19–20, 54 O.O.2d 157, 158–159, 266 N.E.2d 552, 554–555.

Accordingly, the judgment of the trial court is reversed.

## Assignments of Error I, II, IV, V, VII, and VIII

"I. The trial court erred in awarding attorneys fees to defendants pursuant to R.C. § 733.61 because their counterclaim was not brought pursuant to R.C. 733.59, the only provision under which fees may be awarded pursuant to § 733.61."

"II. The trial court erred in awarding attorneys fees to defendants pursuant to R.C. § 733.61 because they did not give security for the cost of the proceedings as required by R.C. § 733.59."

"IV. The trial court erred in awarding attorneys fees to defendants because their counterclaim did not create a fund or any benefit to the village of Richfield."

"V. The trial court erred in awarding attorneys fees to defendants for fees incurred after the village of Richfield complied with the court's March 11, 1993 order by certifying defendants' initiative petitions to the board of elections."

"VII. The trial court erred in awarding attorneys fees to defendants contrary to the parties' settlement agreement."

"VIII. The trial court erred in awarding attorneys fees in the amount of $9,922.50 because the evidence does not support the reasonableness of those fees."

In holding appellants' third assignment of error to be meritorious, we have dispensed with the need to address appellants' remaining assignments of error.

The judgment of the trial court is reversed.

*Judgment reversed.*

Cook and Dickinson, JJ., concur.