Moyer, C.J.,
concurring in judgment only. I concur in judgment with the majority decision for the following reasons. In a very brief opinion, the majority casts aside well-established law relating to the authority of a city council of a charter city to place or not place on the ballot a charter amendment proposed by a requisite number of electors of the municipality. Whatever our views may be with respect to the desirability of locating a branch of the Center of Science and Industry in Portside, we should not cast aside well-established law and announce *550 new law that will have a dramatic impact upon the will of the voters to place issues on the election ballots.
Section 7, Article XVIII of the Ohio Constitution authorizes municipal corporations to adopt and amend a home-rule charter. Sections 8 and 9 of Article XVIII prescribe the procedures for adopting and amending a charter. State ex rel. Semik v. Cuyahoga Cty. Bd. of Elections (1993), 67 Ohio St.3d 334, 336, 617 N. E.2d 1120, 1122. On petition of ten percent of the electors, the legislative authority of the city must “forthwith” authorize by ordinance an election on the proposed charter amendment. In a unanimous opinion we recently followed well-established law and held that the authority of a city council in determining the sufficiency of a petition is limited to the form of the petition and does not include substantive matters. Morris v. Macedonia City Council (1994), 71 Ohio St.3d 52, 641 N.E.2d 1075; see State ex rel. Polcyn v. Burkhart (1973), 33 Ohio St.2d 7, 62 O.O.2d 202, 292 N.E.2d 883. In fact, there is no way to find the law in Morris inapplicable to this case.
The city council’s authority to determine if all applicable statutory requirements have been met is not as broad as that of a board of elections or the Secretary of State. Council may not engage in judicial or quasi-judicial determinations of matters which are not apparent on the face of the petition or which require the aid of witnesses to determine. See Morris, supra, 71 Ohio St.3d at 55, 641 N.E.2d at 1078; State ex rel. Citizens for a Better Portsmouth v. Sydnor (1991), 61 Ohio St.3d 49, 52, 572 N.E.2d 649, 651; and Polcyn, supra, 33 Ohio St.2d at 10-11, 62 O.O.2d at 203-204, 292 N.E.2d at 885. Without any analysis, the majority opinion cites a court of appeals’ opinion, State ex rel. Watkins v. Quirk (1978), 59 Ohio App.2d 175, 13 O.O.3d 202, 392 N.E.2d 1302, to support its holding that R.C. 3519.06(C), which clearly applies to statewide initiative and referendum petitions, now applies to petitions filed to amend the charter of a municipality. That holding has far-reaching implications and should not be adopted in this case.
It is clear from the plain words of the Constitution, the cases applying the Constitution, and the statutes that the policy of the law is to favor the right of citizens to amend the charters of the municipalities in which they live. • For that reason, the law does not, among other things, give a city council the right to act as a quasi-judicial body and substantively attack citizens’ rights to place charter amendments on the ballot. The dilemma is that the law appears to provide no remedy to persons who seek to disqualify part-petitions on the basis that the circulators thereof made false representations. It would appear, however, that an action to enjoin a board of elections from placing an issue on the ballot would be available to an appropriate party.
*551 Notwithstanding the foregoing analysis, I concur in the judgment of the majority. Council could have enacted an ordinance placing the proposed charter amendment on the November ballot, but refused to do so based upon alleged defects which it was not authorized to consider. Had relators filed their mandamus action timely, placement of the issue on the November 8 ballot would have been warranted. However, council argues that relators did not file this mandamus action until forty-one days following its decision regarding the sufficiency of the petition. In other cases, we have compelled placement of a charter issue on the ballot for the next regularly scheduled election where relators initiated mandamus actions within ten days of either council’s refusal or the constitutional deadline to enact an enabling ordinance. See, e.g., State ex rel. Jurcisin v. Cotner (1984), 10 Ohio St.3d 171, 10 OBR 503, 462 N.E.2d 381; State ex rel. Concerned, Citizens for More Professional Govt. v. Zanesville City Council (1994), 70 Ohio St.3d 455, 639 N.E.2d 421; Sydnor; and Morris, supra.
Diligence and promptness are required of those seeking to affect the outcome of an election. See State ex rel. White v. Franklin Cty. Bd. of Elections (1992), 65 Ohio St.3d 45, 49, 600 N.E.2d 656, 659. The failure of relators to act promptly in this case made it virtually impossible to give electors sufficient notice of the proposed charter amendment in time for the November 8 election. See Sections 8 and 9, Article XVIII, Ohio Constitution, and R.C. 731.211. In fact, relators themselves complained that “if the proposed amendment gets on the November 8, 1994 ballot, its advocates will have precious little time to campaign for its passage.” For that reason, we refused relators’ request for a writ of mandamus.
Relators alternatively request that we issue an order that would place the issue on a subsequent special election ballot within sixty and one hundred twenty days after the passage of an enabling ordinance by council. Such special election would be held at considerable cost, a cost that need not be borne had relators acted in sufficient time to place the issue on the November 8 ballot. Considering relators’ considerable delay in bringing this action, I would not issue an order requiring a special election.
For the foregoing reasons, I concur only in the judgment of the majority opinion.
A.W. Sweeney and Weight, JJ., concur in the foregoing concurring opinion.