Original,
No. 5597.

ROBERT J. HINSE

*v.*

WARREN W. BURNS.

Argued February 7, 1967.
Decided March 7, 1967.

*Clifford J. Ross* ( by brief and orally ), for the plaintiff.

*George S. Pappagianis,* Attorney General, and *Norman E. D'Amours*, Assistant Attorney General, for the defendant.

LAMPRON, J. On August 12, 1966, the plaintiff appeared in the Manchester district court charged with a single act of lascivious behavior on August 4, 1966. RSA 570:25 ( supp ). He entered a plea of not guilty and was admitted to bail. As a result of a petition filed by the county attorney under RSA 173:3 II ( 1 ), the Superior Court appointed an examining board " to examine forthwith the alleged sexual psychopath. " RSA 173:4 I.

Plaintiff was on bail in Manchester until September 1, 1966, when he voluntarily entered the Veterans Administration Hospital at Bedford, Massachusetts where he remained until November 21, 1966. His counsel made arrangements, however, to have plaintiff available and present at the New Hampshire Hospital at any time during that period. He notified the county attorney accordingly, who in turn advised the Hospital authorities. The examination had not yet taken place on November 17, 1966 when plaintiff's counsel filed a motion in the Superior Court asking that plaintiff not be confined, pending examination, after his discharge from Veterans Hospital. On November 21, 1966, when plaintiff was discharged from that institution, the Court ordered that he "be confined at the New Hampshire Hospital pending examination under R.S.A. Chap. 173." On January 11, 1967, plaintiff's counsel was notified that the examination of his client could not take place sooner than January 27, 1967. Whereupon this petition for habeas corpus was filed.

The question presented for decision is stated in plaintiff's brief to be the following: "Under the factual situation recited above, would a Sexual Psychopathic Examination conducted on January 27, 1967 or thereafter be a 'forthwith' examination as required by Chapter 173, Section 4, Paragraph I?"

This court has been informed that plaintiff was examined on February 10, 1967 and the examining board (RSA 173:4 I) "determined that he was not a sexual psychopath but that he was a schizophrenic and recommended to the Court that he be committed to the State Hospital under RSA 135." Under the circumstances the plaintiff is no longer detained under the provisions of RSA ch. 173 and the issue presented could be considered moot. *Gobin* v. *Hancock*, 96 N. H. 450, 451. However the question of mootness is one of convenience and discretion. *Hood & Sons* v. *Boucher*, 98 N. H. 399, 401. It is urged by the plaintiff, and we agree, that it would be in the public interest to consider the question presented. *State* v. *Swift*, 101 N. H. 340, 342; *Sugar Hill Improvement Ass'n* v. *Lisbon*, 104 N. H. 40, 42.

RSA ch. 173 does not define the word "forthwith" nor do our cases. There is no precise definition, so far as time is concerned, of the word "forthwith," and its meaning depends on the circumstances of the case and the act to be performed. See 17 Words and Phrases, *pp.* 605, 606. It has been defined to mean

" as soon as by reasonable exertion, confined to the object, it may be accomplished. " *Wallace* v. *Leggett,* 248 Miss. 121, 128; *Vajner* v. *Orange,* 191 N. E. 2d 588 ( Ohio Com. Pl. 1963 ). The meaning of " immediately, without delay, promptly, at . . . earliest reasonable opportunity " has been given to " forthwith " in *State* v. *Shaw,* 93 Ariz. 40, 49.

The board provided for the examination of alleged psychopaths under RSA 173:4 I must be composed of two qualified psychiatrists and one physician licensed to practice medicine in New Hampshire " at least one of whom shall be attached to the medical staff of a state mental hospital. " This board may require the cooperation of any State agencies in obtaining information and does examine reports of the police and of the probation department. *In re Mundy,* 97 N. H. 239, 241; RSA 173:4 II. In the period 1958-1960 at least 170 examinations were conducted by such a board. 4 N. H. B. J. 66, 67.

This court has no information, nor has any been presented, as to the number of examinations made in recent years. We are not familiar with the availability of qualified personnel to perform these examinations. However, we do not accept plaintiff's argument that agents of the probation department should be compelled to travel outside New Hampshire to gather information concerning the persons to be examined without proof of the necessity for such a procedure. On the facts presented to this court and particularly because of his absence from the state for almost three months, we cannot say as a matter of law that the examination of the plaintiff was not made without undue delay under all the circumstances.

We must point out, however, that the Legislature under RSA ch. 173 has established a means by which the State can secure evidence in a summary manner as to whether a person is suffering from an illness which makes him dangerous to himself and to others. Such a procedure requires the maintenance of a delicate balance between the interest of the individual and that of the society of which he is a member and from which he derives benefits. *In re Mundy,* 97 N. H. 239, 243. The restriction imposed on the personal liberty of this individual may not go beyond what is reasonably necessary for the common welfare of society. *In re Craft,* 99 N. H. 287, 289. If the restriction in fact imposed on the liberty of the alleged sexual psychopath is more than is reasonably necessary to accomplish the purposes of RSA

ch. 173, the statute as applied may constitute a violation of the constitutional rights of such an individual requiring his release from the order for examination. See *In re Craft, supra*, 290; 45 B. U. L. Rev. 391.

*Petition dismissed.*

All concurred.

MEMORANDUM

Mr. Justice Wheeler died in Exeter, New Hampshire, on the seventh day of March, 1967.