133 N.J. Super. 54 (1975)
335 A.2d 80
THE HOWARD SAVINGS INSTITUTION, PLAINTIFF-APPELLANT,
v.
GILBERT H. FRANCIS, DIRECTOR OF THE DIVISION ON CIVIL RIGHTS, AND GEORGE F. KUGLER, JR., ATTORNEY GENERAL OF NEW JERSEY, DEFENDANTS-RESPONDENTS. BARBARA SIMS, COMPLAINANT,
v.
THE HOWARD SAVINGS INSTITUTION, RESPONDENT-APPELLANT,
v.
DIVISION ON CIVIL RIGHTS, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued December 3, 1974.
Decided February 25, 1975.
*56 Before Judges KOLOVSKY, LYNCH and ALLCORN.
Mr. David Samson argued the cause for appellant (Messrs. Lieb, Wolff & Samson, attorneys).
Ms. Judith S. Musicant, Deputy Attorney General, argued the cause for respondents (Mr. William F. Hyland, Attorney *57 General of New Jersey, attorney; Mr. Stephen Skillman, Assistant Attorney General, of counsel).
The opinion of the court was delivered by KOLOVSKY, P.J.A.D.
In one of these consolidated appeals  A-1519-73, in which leave to appeal was granted by the Supreme Court  appellant The Howard Savings Institution challenges: (1) the propriety of a number of the interrogatories served by the Director of the Division on Civil Rights (Director) in the course of his preliminary investigation of a complaint alleging racial discrimination filed by Barbara Sims, a former employee of Howard, and (2) the Director's denial of Howard's motion to take the deposition of Barbara Sims and to serve interrogatories upon her. The latter motion was made under the Division's discovery rule, N.J.A.C. 13:4-8.2, and was denied by the Director "on the ground that a finding of probable cause or no probable cause has not been made to date [the Director noting that] if a finding of no probable cause is ultimately indicated, discovery at this juncture will have been a waste of all parties' resources."
In the other appeal (A-186-73), Howard attacks the validity of N.J.A.C. 13:4-8.2, contending that it was entitled to the discovery it sought "as a matter of right."
Preliminarily, it will be helpful to briefly review the procedures mandated by the Law Against Discrimination, N.J.S.A. 10:5-1 et seq., in case a verified complaint charging a discriminatory employment practice is filed with the Director.
On receipt of the complaint the Director (acting "for the Attorney General, in his place and with his powers," N.J.S.A. 10:5-8(d)) is required to cause an investigation to be made. N.J.S.A. 10:5-14. In connection with that investigation the Director may, among other things, "conduct such discovery procedures which may include the taking of interrogatories and oral depositions as shall be deemed necessary by the [Director] in any investigation." N.J.S.A. 10:5-8 *58 (i); see also General Motors Corp. v. Blair, 129 N.J. Super. 412 (App. Div. 1974).
If the Director determines "after such investigation that probable cause exists for crediting the allegations of the complaint" he is to seek to eliminate the unlawful discrimination by conference, conciliation or persuasion. N.J.S.A. 10:5-14. "In case of failure so to eliminate such practice or discrimination, or in advance thereof if in his judgment circumstances so warrant," the Director is to serve on the respondent a notice requiring it to answer the charges at a hearing to be held at a designated time and place. N.J.S.A. 10:5-15.
The respondent may file a verified answer and may appear, with or without counsel, at the scheduled hearing at which testimony under oath is to be taken and transcribed. "The case in support of the complaint" is to be presented by the Division's attorney  although, in the Directors' discretion, the complainant and his counsel may also participate  and the respondent may submit testimony. N.J.S.A. 10:5-16. At the conclusion of the hearing the Director is required to make findings, and if he finds the charges substantiated, may proceed to take specified remedial action. N.J.S.A. 10:5-17.
Although the statute, by its terms, provides only for discovery by the Director  both in connection with the investigation and with the hearing if one is held, N.J.S.A. 10:5-8(i)  N.J.A.C. 13:4-8.2, a rule adopted by the Attorney General pursuant to the authority granted by N.J.S.A. 10:5-8(g) to adopt "suitable rules and regulations to carry out the provisions of the [Law Against Discrimination N.J.S.A. 10:5-1 et seq.]" provides:
(a) The Director may allow any party on motion to take depositions, or to serve interrogatories upon any other party in the case, whenever he shall deem it necessary for the fair presentation of a case, and he shall determine such terms and conditions as are appropriate.
(b) The Director may issue such subpoenas as he deems necessary to aid the discovery process.
*59 Appellant contends that "an accused before the Division on Civil Rights is entitled to prehearing discovery as a matter of right." It argues that the rule is invalid because discovery is to be granted only in the discretion of the Director "whenever he shall deem it necessary for the fair presentation of a case." Further, it argues that a respondent is entitled to discovery as of right, not only in the event there has been a finding of probable cause resulting in the case being set down for hearing, but also during the course of the Director's investigation of the complaint and before there has been a determination by him as to whether or not probable cause exists.
We find no merit in appellant's arguments. Pretrial discovery, even in the case of judicial proceedings, is not a constitutional right and was not a right recognized at common law. 23 Am. Jur.2d, Depositions and Discovery, §§ 140 and 307 (1965); see also, Annotation, "Discovery  Prosecution's Evidence," 7 A.L.R.3d 8, 31 (1966). Provision for such discovery, limited in application, however, to judicial proceedings, stems from statutes or court rules providing therefor. See, e.g., R. 4:10-1 et seq.; R. 3:13-3.
The desirability of making some pretrial discovery procedures available to parties in proceedings before an administrative agency is evident, cf. 1 Davis, Administrative Law, § 8.15 (1958), and the adoption of the Division's discovery rule, N.J.A.C. 13:4-8.2, is a recognition of that fact.
Appellant's claim that the rule is invalid because it vests discretion in the Director lacks substance. Even the liberal discovery rules applicable to judicial proceedings, both civil and criminal, grant a discretionary power to the court to limit and control discovery. See R. 4:10-3 et seq. and R. 3:13-3(d). It is of no moment that, in the case of the administrative proceedings before the Director, he is to exercise his discretion on application by the party seeking discovery before discovery is undertaken, rather than, as in the case of judicial proceedings, upon motion of the party *60 against whom discovery proceedings have been instituted. If the Director should refuse or limit the discovery sought, his action would be reviewable for abuse of discretion just as would a similar ruling by a trial court in a judicial proceeding.
Further, it is neither arbitrary nor unreasonable for the Director normally to refuse to grant discovery to a party until there has first been a determination made, on the basis of the Director's investigation, that there is probable cause for the complaint filed against it. Permitting discovery by a party before then will result in a waste of time and effort by all concerned if the Director's investigation should result in a finding of no probbale cause. The delay in making discovery available to a respondent is not unreasonable. It will have a full opportunity to invoke the Division's discovery rule in order to prepare for trial if probable cause is found and the case is set down for hearing, a fact which the Director acknowledged in the concluding paragraph of his decision denying Howard's motion for discovery, viz.: "If a finding of probable cause is made, any reasonable request for discovery by the respondent will be granted if renewed at that time."
Finally, it should be noted that the practice adopted by the Director is not unique. A similar practice is provided for in our criminal discovery rules which permit discovery by a deefndant only after he has been indicted, see R. 3:13-3(e), and not while the grand jury is still investigating his alleged offense.
We are satisfied that N.J.A.C. 13:4-8.2 is a valid regulation.
We turn next to the appeal in Sims v. The Howard Savings Institution, A-1519-73. That appeal first seeks to reverse the denial of appellant's motion to take the complainant's deposition and to serve interrogatories upon her, a denial which conformed to the Director's normal practice of refusing discovery to a party until his investigation is completed. We have already upheld the validity of that practice and *61 find nothing in appellant's moving papers to show such unusual circumstances as to require the Director to deviate from his normal practice.
The balance of the appeal in the Sims case involves interrogatories served by the Director on Howard during the course of his still pending investigation. Howard answered some of the interrogatories and, by motion before the Director, challenged and moved to strike the remainder of them, numbers 6, 7, 18(b), (c) and (d), 24(a) and (b), 25, 27 through 31 and 33.
Howard appeals from the action of the Director in refusing to strike the challenged interrogatories even though he did defer, "pending further investigation of the case," any requirement that Howard answer any of those interrogatories other than numbers 6, 25, 30(a) and (b) and 33.
We have concluded from our review of the criticized interrogatories, the proofs submitted in support of appellant's motion and the Director's decision that:
(a) No. 6 is proper  indeed appellant withdrew its objection thereto at oral argument;
(b) No. 7, which was answered although its propriety was challenged, is proper;
[5] (c) As to interrogatories 18(b), (c) and (d) and 24(a) and (b), it appears, from the record here, that unless and until the Director determines that there is probable cause for the complaint, it would be unreasonable to require Howard to search for and collate the voluminous information which those interrogatories call for;
[6] (d) No. 25, which seeks certain information concerning all persons discharged by appellant during the past 12 months, is not unreasonable or unduly onerous;
[7] (e) So much of No. 27 as requests copies of the charges, if any, filed against appellant during the past two years before the Equal Employment Opportunity Commission and of the disposition thereof is not improper; but since the similar information sought with respect to charges, if any, before the Division on Civil Rights is already *62 possessed by the Division, that portion of the interrogatory should have been stricken;
[8] (f) Interrogatories 28 and 29 are not oppressive since the Director has represented that if he does hereafter call for answers giving the information sought by those interrogatories, the information may be furnished by submitting copies of the federal EEO-1 forms Howard has filed for the past three years;
(g) Since interrogatory 30(a) specifies that it may be answered by submitting a copy of Howard's latest EEO-1 reporting form, and 30(b) calls for only a simple answer, we find nothing oppressive or unreasonable in either of them;
(h) The challenge to interrogatory 31 is moot since the information requested thereby already has been furnished in Howard's answer to interrogatory 18(a);
(i) If interrogatory 33 is amended to specify the particular position to which it refers, there will be nothing improper therein.
In A-186-73 judgment is hereby entered declaring that N.J.A.C. 13:4-8.2 is a valid regulation.
In A-1519-73: (a) we affirm the Director's order denying appellant's motion to take the deposition of the complainant and to serve interrogatories upon her; (b) we affirm the refusal of the Director to strike interrogatories 6, 7, 27 (insofar as it refers to charges before the Equal Employment Opportunity Commission), 28, 29, 30 and 33 (to be amended as indicated above), and (c) we reverse the Director's refusal to strike interrogatories 18(b), (c) and (d), 24(a) and (b) and so much of 27 as refers to charges filed with the Division on Civil Rights.