159 N.J. Super. 32 (1978)
386 A.2d 1342
IN THE MATTER OF VORNADO, INC., ALFRED ZASLOFF, PRESIDENT, AND JOSEPH SCARLETT, DIRECTOR OF PERSONNEL, CHARGED WITH CONTEMPT.
VORNADO, INC., A CORPORATION OF THE STATE OF DELAWARE, ALFRED ZASLOFF AND JOSEPH SCARLETT, RESPONDENTS AND COUNTERCLAIMANTS-APPELLANTS,
v.
VERNON N. POTTER, DIRECTOR OF THE DIVISION ON CIVIL RIGHTS, DEPARTMENT OF LAW AND PUBLIC SAFETY, STATE OF NEW JERSEY, DEFENDANT AS TO COUNTERCLAIM-RESPONDENT. IN THE MATTER OF JACK DASHOSH CHARGED WITH CONTEMPT, RESPONDENT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued April 3, 1978.
Decided April 20, 1978.
*35 Before Judges MICHELS, PRESSLER and BILDER.
Mr. David N. Samson argued the cause for the respondents-appellants Vornado, Inc. and Jack Dashosh (Messrs. Kimmelman, Wolff & Samson, attorneys; Mr. Armen Shahinian on the brief).
Ms. Judith E. Rodner, Deputy Attorney General, argued the cause for the Director of the Division on Civil Rights (Mr. John J. Degnan, Attorney General of New Jersey; Mr. William F. Hyland, former Attorney General of New Jersey; Ms. Erminie Conley, Deputy Attorney General, of counsel).
The opinion of the court was delivered by PRESSLER, J.A.D.
Under the authority conferred by N.J.S.A. 10:5-8(i), the Attorney General of New Jersey commenced these proceedings in the Superior Court, Chancery Division, pursuant to R. 1:9-6(b), in order to secure compliance by respondents Vornado, Inc., and its general counsel, Jack Dashosh, with subpoenas duces tecum theretofore served upon them by the Director of the Division on Civil Rights (Division) in connection with a complaint pending before him charging Vornado with acts of proscribed *36 discrimination. The Attorney General further sought the imposition of sanctions against these respondents pursuant to R. 1:9-6(c) based on their refusal to comply with the subpoena demands. Respondents appeal from the orders of the trial court granting the relief sought.
We need not here recite the tortuous procedural route by which the Division attempted to secure compliance with the Director's subpoenas. Suffice it to say that following full hearing, Judge Dwyer, for the reasons stated in a well-reasoned letter opinion with which we are in substantial agreement, rejected respondents' challenges to the authority of the Director to have issued the subpoenas, the manner of their service and the multiple quasi-judicial functions allocated by law to the Director. There is one respect, however, in which we disagree with the trial judge's conclusions and that concerns the question of his jurisdiction to adjudicate respondents' challenge to the substantive scope of the subpoenas.
That issue arises in this factual context. When originally served with the subpoenas, respondents, in accordance with the Division's rules of procedure, N.J.A.C. 13:4-1.1 et seq., moved before the Director seeking to have them quashed, urging among other grounds for this relief that "the documents requested to be produced are improper, irrelevant, immaterial, not within the scope of the inquiry and are unreasonably burdensome and oppressive." For convenience we refer, as has counsel, to these allegations as the overbreadth objection. The Director, in a letter opinion, denied the motion to quash and respondents did not seek leave to appeal to this court from that interlocutory determination although they had considered that course. The question then is whether, having failed to pursue that remedy, they are foreclosed from raising that objection defensively in the R. 1:9-6 enforcement and sanction proceedings. The trial judge, relying on General Motors Corp. v. Blair, 129 N.J. Super. 412 (App. Div. 1974), and Howard Savings Inst. v. Francis, 133 N.J. Super. 54 *37 (App. Div. 1975), concluded that while jurisdictional challenges to the validity of the subpoenas might be so raised, substantive challenges passed upon by the Director could not be. With respect to such challenges he held that an interlocutory appeal to this court was the only vehicle for pre-enforcement judicial review of the contents of the subpoena.
We are constrained to disagree. General Motors dealt primarily with the validity of the Division's interrogatory-default rule, N.J.A.C. 13:4-8.3, and upheld the Director's power to declare in default a respondent failing to make timely answer to Director's interrogatories. Howard Savings Institution sustained the Division's general deposition and interrogatory rule, N.J.A.C. 13:4-8.2, which accords the Director the discretion to permit a party to take depositions or to serve interrogatories upon any other party. Both cases make clear that the Director's action taken under either of these rules is reviewable by this court, either on an interlocutory basis pursuant to R. 2:5-6(a) or after entry of final judgment pursuant to R. 2:2-3(a) (2). In terms of review, the Division's discovery orders are analogous to those entered by trial courts whose final judments are reviewable by this court. There is, however, a critical distinction between the adverse consequences sustainable by a party believing himself aggrieved by a discovery order and one who perceives himself aggrieved by an improper subpoena. The consequences of an interrogatory-default order or of an order withholding a respondent's opportunity to pursue discovery go only to the substantive course of adjudication of the discrimination case pending before the Division. If a respondent has been prejudiced by a challengeable Director's order and if leave to appeal has been denied, the challenge is preservable on appeal as of right from the final determination by the Division. As further articulated by Judge (now Justice) Handler in General Motors Corp., supra:
*38 Moreover, should a respondent fail to obtain initial relief through the Division or be unsuccessful in obtaining interlocutory judicial review, an appeal is always available to respondent after a final determination by the Director. The review on such an appeal would canvass the entire proceeding * * *. Since any interim order of the Director in the course of an administrative hearing is subject to judicial scrutiny on an appeal from a final determination, the Director has not by this rule arrogated to himself the exercise of final judicial power. [129 N.J. Super. at 423-424]
Noncompliance with a Director's subpoena, however, has a dimension quite beyond its effect on the ultimate course of the proceeding. N.J.S.A. 10:5-8(i), as implemented by R. 1:9-6(b) and (c), subjects a witness failing to comply with the demands of a subpoena both to an enforcement proceeding and a contempt proceeding in the trial court. In our view, a person may not, as a matter of due process, be vulnerable to the imposition of punishment by the court as for a contempt without the right to defend himself before that court on the merits of the allegedly contumacious conduct. The rules indeed expressly contemplate that such defensive opportunity be afforded before a coercive or punitive order is entered. Thus, both R. 1:9-6(b) and (c) permit an order of compliance or contempt to be entered only after the respondent has had an opportunity to be heard and the court finds that his noncomplying conduct was "without justification." Cf. In re Application of Attorney General, 116 N.J. Super. 143 (Ch. Div 1971). Clearly, a claim that the contents of a subpoena are overbroad, if valid, would constitute justification for noncompliance and hence the respondent has a right to test that issue before being ordered to comply and before being held in contempt for failure to comply.
We appreciate the Attorney General's argument that permitting the overbreadth issue to be raised defensively in an R. 1:9-6 proceeding after the Director has decided the question on its merits constitutes an apparent deviation from the general rule that both final and interlocutory determinations of state administrative agencies be appealable *39 to the Appellate Division and hence not reviewable by a trial division of the Superior Court. We note, however, that N.J. Const. (1947), Art. VI, § V, par. 4, leaves the allocation of proceedings in lieu of prerogative writs to disposition by court rule. Since R. 1:9-6 has allocated to the trial court the initial responsibility for enforcement of state administrative agency subpoenas, we are satisfied that the demands of orderly, fair and expeditious disposition of litigation require the trial court to adjudicate all defenses to enforcement which have not yet been judicially passed upon.
Having concluded that respondents here were entitled to have their overbreadth objection ruled upon and being satisfied that all of the other objections by respondents to the subpoenas were properly rejected below, we regard it appropriate to conclude this protracted matter by passing upon that question now on the basis of the full record thereon before us and the thorough briefing thereof by counsel on this appeal. Our scrutiny of the record in this regard in light of the arguments of counsel persuades us that the overbreadth argument is clearly without merit. Furthermore, in view of respondents' repeated representation that the subpoenaed documents are ready to be turned over to the Director forthwith upon disposition of this appeal, we find unimpressive their suggestion that the demands of the subpoena were oppressive and unduly burdensome. There is no claim of privilege here made. We see no impediment to respondents' prompt compliance.
The orders appealed from are affirmed. The sanctions therein provided shall commence five days following the date hereof in the event of noncompliance.