[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Commt. for Charter Amendment Petition v. Maple Hts.*, Slip Opinion No. 2014-Ohio-4097.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2014-OHIO-4097

THE STATE EX REL. COMMITTEE FOR CHARTER AMENDMENT PETITION TO LIMIT THE USE OF PHOTO-MONITORING DEVICES IN THE CITY OF MAPLE HEIGHTS, OHIO, ET AL. *v.* THE CITY OF MAPLE HEIGHTS ET AL.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Commt. for Charter Amendment Petition v. Maple Hts.,* Slip Opinion No. 2014-Ohio-4097.]

*Mandamus—Elections—Petitions—Charter amendments—Ohio Constitution, Article XVIII, Section 8—Municipality has duty to pass ordinance "forthwith" to submit proposed charter amendment to electorate when petition therefor contains sufficient valid signatures—Writ granted—Attorney fees awarded.*

(No. 2014-1478—Submitted September 19, 2014—Decided September 19, 2014.)

IN MANDAMUS.

_____

**Per Curiam.**

{¶ 1}   This is an expedited election action by relators, the Committee for Charter Amendment Petition to Limit the Use of Photo-Monitoring Devices in the City of Maple Heights, Ohio, and Celestine Wilburn, a member of the committee, for a writ of mandamus to compel the city of Maple Heights and its city council to pass an ordinance placing a charter-amendment initiative on the November 4, 2014 ballot.  For the reasons set forth below, we grant the writ.

{¶ 2}   Also pending is a motion filed by relators asking the court to establish the amount of security for costs.  We grant the motion.

*Facts and Law*

{¶ 3}   Article XVIII, Section 8 of the Ohio Constitution imposes two relevant time requirements on municipal legislatures when they receive petitions for charter amendments.[1]

{¶ 4}   (1)  If the petition contains a sufficient number of valid signatures, the legislature must "forthwith" provide by ordinance for the submission of the proposed amendment to the electors.

{¶ 5}   (2)  The ordinance must require that the matter be submitted at the next regular municipal election if one will occur no more than 120 days, and no less than 60 days, after passage of the ordinance.  Otherwise, the ordinance must provide for submission of the question at a special election, to occur within the same time frame.

{¶ 6}   In this case, the Maple Heights City Council received certification on August 18, 2014, from the Cuyahoga County Board of Elections that the petitions contained sufficient valid signatures.  The constitutional deadline for passing an ordinance to place the amendment on the November ballot was September 5, 2014 (60 days before November 4).  The question for resolution,

---

[1] Article XVIII, Section 9 of the Ohio Constitution makes proposed charter amendments subject to the requirements of Section 8.

then, is whether the city council of Maple Heights failed to act "forthwith" by not approving an ordinance between August 18 and September 5.

{¶ 7} On August 5, 2014, relators submitted a petition to the clerk of council to amend the charter of Maple Heights, Ohio. The proposed amendment would limit the use of photo-monitoring devices (speed cameras) to enforce traffic laws.

{¶ 8} Ten days later, on August 15, 2014, the city law director transmitted the petitions to the county board of elections for verification of the signatures.

{¶ 9} On August 18, 2014, the director of the Cuyahoga County Board of Elections certified that the part-petitions contained 722 valid signatures. City council appears to concede that the number of valid signatures was sufficient to qualify for the ballot.

{¶ 10} That same day, Wilburn sent a letter to the law director, identifying herself as a taxpayer in the city and demanding that he file a mandamus action to compel the clerk of county council to determine that the petition is valid and sufficient, to compel the clerk to communicate that conclusion to the council, and to compel city council to enact an ordinance "to place the proposed charter amendment on the ballot for consideration by the electorate."

{¶ 11} On August 20, 2014, city council met for its regular meeting and took no action on the petition.

{¶ 12} The city law director responded to Wilburn by letter dated August 21, 2014, refusing the demand that he file suit.

{¶ 13} On August 25, 2014, relators filed the instant original action in this court against the city of Maple Heights and the seven members of the city council, seeking a writ of mandamus to compel the respondents to "forthwith" provide by ordinance for the submission of the proposed charter amendment to the electorate

on November 4, 2014, along with a request for costs and attorney fees. Simultaneously, relators filed a "motion to establish security for costs."

{¶ 14} On September 3, 2014, council met, gave the proposed ordinance its first reading, and referred the matter to the Committee as a Whole. At present, so far as we can tell from the record, council has not scheduled a vote on the matter.

*Legal analysis*

{¶ 15} *State ex rel. Jurcisin v. Cotner*, 10 Ohio St.3d 171, 462 N.E.2d 381 (1984), is dispositive of this case. In *Jurcisin*, city council received confirmation from the board of elections that a charter-amendment petition had sufficient valid signatures on March 7, 1984. An election had already been scheduled for May 8, 1984, which meant that the constitutional (60-day) deadline for passing an enabling ordinance was March 9, 1984. Council waited to consider the matter until its next regularly scheduled meeting, on March 12, 1984, at which time it approved an ordinance establishing a special election on the matter for June of that year.

{¶ 16} We granted a writ of mandamus compelling the city to place the proposed charter amendment on the May ballot, holding that "council's action in waiting to enact the ordinance until the next regularly scheduled meeting, thereby creating the additional expense and hardship of having a second election within six weeks of one already scheduled, constitutes an abuse of [the council's] discretion." *Id*. at 173.

{¶ 17} To be entitled to a writ of mandamus, relators must establish a clear legal right to the requested relief, a clear legal duty on the part of respondents to grant it, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6.

4

{¶ 18} Respondents argue that they had a duty to comply with the following provision of the Maple Heights city charter:

> When the certificate of the Clerk shows the petition to be sufficient in valid signatures, the Clerk shall submit the proposed ordinance to the Council at its next regular meeting, and the Council shall at once read and refer the same to an appropriate committee, which may be the committee of the whole. Thereafter, the committee shall report the proposed ordinance to the Council with its recommendations thereon not later than the third regular meeting of the Council following that at which the proposed ordinance was submitted to the Council by the Clerk.

Charter of the City of Maple Heights, Article XIII, Section 6. Respondents argue that they complied with this provision by giving the matter a first reading at the September 3, 2014 meeting and immediately referring it to a Committee of the Whole. Respondents argue that council was under no clear legal duty to disregard these charter requirements.

{¶ 19} Article XVIII, Section 8 of the Ohio Constitution imposes a "mandatory constitutional duty" upon city councils to submit charter amendment initiatives "forthwith." *State ex rel. Commt. for Charter Amendment Petition v. Avon*, 81 Ohio St.3d 590, 593, 693 N.E.2d 205 (1998). A court will balance that mandatory duty against the council's "limited authority to review the sufficiency of the petition." *Id.* However, "forthwith" means "immediately." *Id.*

{¶ 20} In *Avon*, a petition was filed on the 63rd day before a regularly scheduled election, and the clerk reported the sufficiency of the petition on the 61st day. We granted a writ of mandamus to place the matter on the ballot because the city council failed to prove that it could not have acted more rapidly

(by convening a special session) and failed to prove that more time was needed to review the submission. *Id*. at 594; *see also State ex rel. Commt. for the Charter Amendment, City Trash Collection v. Westlake*, 97 Ohio St.3d 100, 2002-Ohio-5302, 776 N.E.2d 1041, ¶ 41-45 (mandamus granted because council refused to pass ordinance at next regular session without claiming that additional time was needed to verify signatures).

{¶ 21} Council argues that it was required by R.C. 731.17 to read the ordinance three times on three separate days. However, a municipal legislature may waive that rule at any time by a three-fourths vote of the members. R.C. 731.17(A)(2).

{¶ 22} Whether council delayed passage of an ordinance deliberately or negligently is not relevant. *Avon* at 595. The Maple Heights City Council received verification of the signatures more than two weeks before the constitutional deadline of September 5 and conducted two regular council meetings in the interim. Its failure to enact an ordinance at the second meeting fell well short of acting "forthwith."

{¶ 23} Alternatively, respondents contend that the affidavits submitted in this case are insufficient under this court's rules of practice. S.Ct.Prac.R. 12.02(B) requires that affidavits in original actions must be made on personal knowledge. The affidavits of Wilburn and of relators' counsel, Curt C. Hartman, both state that they were made on "person" knowledge. This is plainly a typographical error, not a substantive defect. Respondents further object to the inclusion of inadmissible hearsay in the affidavits, as well as facts beyond the knowledge of the affiants. But none of those facts are relevant to the court's decision. The chronology of events, upon which our decision is based, is undisputed.

**{¶ 24}** Based on *Jurcisin* and *Avon*, we grant the writ of mandamus compelling the clerk and council to perform all duties necessary to place the charter amendment initiative on the November 4, 2014 ballot.

*The motion to establish security for costs*

**{¶ 25}** Relators have filed a motion requesting an order establishing the amount of security required for the costs of this action. Relators wish to pursue this case not only as a mandamus action, but also as a taxpayer action, apparently because the latter makes them eligible for an award of attorney fees. *See* R.C. 733.61. Providing security for the cost of the proceeding is a prerequisite to a taxpayer suit. R.C. 733.59. When they filed this suit, relators did not provide security because the statute gives no guidance as to how to calculate the amount. Instead, they filed a motion asking for guidance.

**{¶ 26}** In the past, we have described security for costs as a *jurisdictional* prerequisite to a statutory taxpayer action. *State ex rel. Citizens for a Better Portsmouth v. Sydnor*, 61 Ohio St.3d 49, 54, 572 N.E.2d 649 (1991). However, we have also rejected the argument that security must be provided at the time the suit is initially filed and held instead that a court may later transform a common-law taxpayer action into a statutory one through a waiver of security. *See State ex rel. Fisher v. Cleveland*, 109 Ohio St.3d 33, 2006-Ohio-1827, 845 N.E.2d 500, ¶ 42-45.

**{¶ 27}** We therefore grant relators' motion, waive the provision of security for costs, and find that relators are entitled to recover their reasonable attorney fees.

*Conclusion*

**{¶ 28}** We hereby grant a writ of mandamus and order the city council of Maple Heights to act immediately to approve an ordinance placing the charter amendment initiative on the November 4, 2014 election ballot. Relators are ordered to submit a bill and documentation to support their request for attorney

fees within ten days of this judgment, in accordance with the guidelines in Prof.Cond.R. 1.5(a). Respondents may file a memorandum in opposition within ten days thereafter.

Writ granted

and motion granted.

O'CONNOR, C.J., and PFEIFER, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

O'DONNELL, J., not participating.

_____

Law Firm of Curt C. Hartman and Curt C. Hartman; and Finney Law Firm, L.L.C., and Christopher P. Finney, for relators.

Mazanec, Raskin & Ryder Co., L.P.A., James A. Climer, Jeffrey T. Kay, and Frank H. Scialdone; and John J. Montello, for respondents.

_____